Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 It is too well settled by the authorities to admit of question that, as between a common carrier of goods and an underwriter upon them, the liability to the owner for their loss or destruction is primarily upon the carrier, while the liability of the insurer is only secondary. The contract of the carrier may not be first in order of time, but it is first and principal in ultimate liability. In respect to the ownership of the goods, and the risk incident thereto, the owner and the insurer are considered but one person, having together the beneficial right to the indemnity due from the carrier for a breach of his contract or for non-performance of his legal duty. Standing thus, as the insurer does, practically, in the position of a surety, stipulating that the goods shall not be lost or injured in consequence of the peril insured against, whenever he has indemnified the owner for the loss, he is entitled to all the means of indemnity which the satisfied owner held against the part}' primarily liable. His right rests upon familiar principles of equity. It is the doctrine of subrogation, dependent not at all upon privity of contract, but worked out through the right of the creditor or owner. Hence it has often been ruled that an insurer, who has paid a loss, may use the name of the assured in an action to obtain redress from the carrier whose failure of duty caused the loss. It is conceded that this doctrine pre
 
 *371
 
 vails in cases of marine insurance, but it is denied that it is applicable to cases of fire insurance upon land, and the reason for the supposed difference is said to be that the insurer in a marine policy becomes the owner of the lost or injured property by abandonment of the assured, while in land policies there can be no abandonment. But it is a mistake to assert that the right of insurers in marine policies to proceed against a carrier of the goods, after they have paid a total loss, grows wholly, or even principally, out of any abandonr ment. There can be no abandonment where there has been total destruction. There is nothing upon which it can operate, and an insured party may recover for a total loss without it. It is laid down in Phillips on Insurance, sec. 1723, that
 
 “
 
 a mere payment of a loss, whether partial or total, gives the insurers an equitable title to what may afterwards be recovered from other parties on account of the loss,” and that “ the effect of a payment of a loss is equivalent in this respect to that of abandonment.” There is, then, no reason for the. subrogation of insurers by marine policies to the rights of the assured against a carrier by sea which does not exist in support of a like subrogation in case of an insurance against fire on land. Nor do the authorities make any distinction between the eases, though a carrier may, by stipulation with the owner of the goods, obtain the benefit of insurance.
 

 In
 
 Gales
 
 v.
 
 Hailman,
 

 *
 

 it was ruled that a shipper, who had received from his insurer the part of the loss insured against, might sue the carrier on the contract of bailment, in his own right, not only for the unpaid balance due to himself, but as trustee for what had been paid by the insurer in aid of the carrier, and that the court would restrain the carrier from setting up the insurer’s payment of his part of the loss as partial satisfaction. So in
 
 Hart el al.
 
 v.
 
 The Western Railroad
 
 Company,
 
 †
 
 it was held that where underwriters had paid a loss by fire caused by a locomotive of a railroad corporation, the owner might recover also from the corporation for the use of the underwriters, and that he could not release
 
 *372
 
 the action brought by them in his name. There is also a large class of cases in which attempts have been made by insurers who had paid a loss to recover from the party in fault for it, by suit in their own right, and not in the right of the assured. Such attempts have failed, but in all the cases it has been conceded that suits might have been maintained in the name of the insured party for the use of the insurers.
 
 *
 
 And such is the'English doctrine settled at an early period.
 
 †
 

 It has been argued, however, that these decisions rest upon the doctrine that a wrong-doer is to be punished; that the defendants against whom such actions have been maintained were wrong-doers; but that, in the present case, the ■fire by which the insured goods were destroyed was accidental, without fault of the defendants, and therefore that they stood, in relation to the owner, at most in the position of double insurers. The argument will not bear examination. A carrier is not an insurer, though often loosely so called. The extent of his responsibility may be equal to that of an insurer, and even greater, but its nature is not the same. His contract is not one for indemnity, independent of the care and custody of the goods. He is not entitled to a cession of the remains of the property, or to have the loss adjusted on principles peculiar to the contract of insurance; and when a loss occurs, unless caused by the act of God, or of a public enemy, he is always in fault. The law raises against him a conclusive presumption of misconduct, or breach of duty, in relation to every loss not caused by excepted perils. Even if innocent, in fact, he has consented by his contract to be dealt with as if he were not so. He does not stand, therefore, on the same footing with that of an insurer, who may have entered into his contract of in
 
 *373
 
 demnity, retying upon the carrier's vigilance and responsibility. In all cases, when liable at all, it is because lie is proved, or presumed to be, the author of the loss. There is nothing, then, to take the case in hand out of the general rule that an underwriter, who has paid a loss, is entitled to recover what he has paid by a suit in the name of the assured against a carrier who caused the loss.
 

 Judgment reversed, and the cause
 

 Remanded for further proceedings.
 

 *
 

 11 Pennsylvania State, 515.
 

 †
 

 13 Metcalf, 99.
 

 *
 

 Rockingham Mutual Fire Insurance Company
 
 v.
 
 Bosher, 39 Maine, 253; Peoria Ins. Co. v. Frost, 37 Illinois, 333; Connecticut Mutual Life Ins. Co.
 
 v.
 
 New York and New Haven Railroad Co., 25 Connecticut, 265.
 

 †
 

 Mason
 
 v.
 
 Sainsbury, 3 Douglas, 60; Yates
 
 v.
 
 Whyte, 4 Bingham, New Cases, 272; Clark
 
 v.
 
 Blything, 2 Barnewall & Cress well, 254; Randal
 
 v.
 
 Cockran, 1 Vesey, Sr., 98.