RINTOUL and others *v.* NEW YORK CENTRAL & H. R. R. Co.

*(Circuit Court, S. D. New York.   May 26, 1884.)*

1. REHEARING—MOTION—AFFIDAVITS—AGREED STATEMENT OF FACTS—ADDITIONAL FACTS.
    Where a case is tried upon an agreed statement of facts, a motion for a rehearing will not be granted when the affidavits upon which it is based fail to disclose adequate reason why additional facts, which the party fully knew at the time the agreed statement was signed, should be introduced.
2. INSURANCE—TO INURE TO BENEFIT OF CARRIER BY AGREEMENT WITH OWNER.
    The rule that an insurer, when he has indemnified an owner of property for a loss occasioned by a carrier, is entitled to all the means of indemnity which the satisfied owner held against the carrier, and that the owner cannot, after loss, relinquish any rights to which the insurer is entitled, does not mean that the owner and the carrier may not, at the time the goods are shipped, and before insurance is effected, make, without fraudulent concealment, a valid agreement that any insurance shall inure to the benefit of the carrier.

Motion for Rehearing.   See S. C. 17 FED. REP. 905.

*Geo. W. Wingate,* for plaintiffs.

*Frank Loomis,* for defendant.

SHIPMAN, J.   This case was originally tried upon an agreed statement of facts which did not contain the terms of the policy of insurance.   The plaintiffs move for a rehearing in order to introduce the policy of insurance, which they claim is important.   I do not perceive that any adequate reason is given in the affidavits why additional facts, which the plaintiffs fully knew at the time that the agreed statement was signed, should now be introduced.

The counsel for the plaintiffs has also reargued the case upon the old statement of facts, and has insisted that the shipper and the carrier cannot enter into a valid contract, at the time of the shipment of the goods, whereby the carrier may obtain the benefit of the insurance, because the insurer is, as matter of law, entitled to pursue the remedy of the shipper against the carrier in case the former has received a full indemnity from the insurer, and therefore that his legal right, after full payment of the loss, to sue the carrier in the name of the insured, cannot be impaired in any way.

It is true that the insurer, when "he has indemnified the owner for the loss, is entitled to all the means of indemnity which the satisfied owner held against" the carrier, *(Hall v. Railroad Cos.* 13 Wall. 367,) and that the owner cannot, after a loss, relinquish any rights to which the insurer may be entitled; but this does not mean that the owner and the carrier may not, at the time the goods are shipped, and before insurance is effected, make, without fraudulent concealment, a valid agreement that any insurance shall inure to the benefit of the carrier.   The law has not interdicted the owner from making, at the time the goods are shipped, a contract in regard to insurance with the carrier, provided no fraud or fraudulent concealment is practiced upon the insurer.   This is recognized in the *Hall Case,*

*supra,* for the court, after commenting upon the supposed difference between the right of subrogation in marine insurance and in fire insurance upon land, say:

"There is, then, no reason for the subrogation of insurers, by marine policies, to the rights of the assured against a carrier by sea which does not exist in support of a like subrogation in case of an insurance against fire on land. Nor do the authorities make any distinction between the cases, though a carrier may, by stipulation with the owner of the goods, obtain the benefit of insurance."

The motion for a rehearing is denied.