## W. M. Egan v. British & Foreign Marine Ins. Co.

1. MARINE INSURANCE—*Where a Vessel is Insured for a Part Only of its Value.*—In marine insurance, when a vessel is insured for a part only of its value, the owner is a co-insurer as to such uninsured part and in case of a loss the insurance company pays only such proportion of the entire loss as the entire amount of the insurance bears to the entire value of the vessel.

2. SAME—*Liability of the Owner in Case He Recovers from the Vessel Doing the Damage.*—Where the owner of a vessel insured in a marine insurance company for a part of its value and damaged by another vessel, recovers of the owners of such vessel for the loss, he is liable to the insurance company as a co-insurer for its proportionate share of the amount recovered by him.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 10, 1900.

Statement.—On the 18th of April, 1899, appellant was the owner of a one-third interest in the vessel called the "Propeller Philip D. Armour," and appellee issued its policy upon said interest to the amount of $7,500 upon an agreed valuation of $100,000 as the total value of the vessel.

There was $90,000 insurance upon a valuation of $100,000, a one-tenth interest remaining uninsured.

On the 7th day of September, 1899, the "Armour" came into collision with the steamer "Marion" in the St. Clair river and was sunk, and her cargo became a total loss. The "Armour" was raised at an expense of $41,200, and repairs were made upon her amounting to $40,289.03.

A libel was filed in the United States District Court at Milwaukee against the steamer "Marion" to recover for the damages sustained by the "Armour," and such proceedings were had that after litigation, the owners of the "Marion" paid to the owner of the "Armour" the sum of $37,500, in full settlement of the "Armour's" claim for damages.

After deducting the costs of the litigation there remained in the hands of the owners of the "Armour" the sum of $18,991.18, and this was distributed between the insurers on the cargo and the owners of the vessel.

After the libel had been filed against the "Marion," and on the 15th day of March, 1890, an agreement was entered into by and between the owners of the "Armour" and the insurers of the cargo of the "Armour," as to how the proceeds of the litigation should be divided. Under this agreement the insurers on the cargo were paid out of the $18,991.18 the sum of $3,929.21, leaving a net balance in the hands of the owners of the "Armour" of $15,061.97, one-third of which sum, or $5,020.66, was paid to Egan, this appellant.

The appellee, as insurer of the vessel, brought this suit to recover its proportionate share of this amount under its policy of $7,500, upon which it had paid its part of the loss upon the vessel. The policy of insurance issued by appellee to appellant and his co-owners contains the following provisions:

" It is agreed and understood that in case of any loss or damage under this policy, the insured, in accepting payment therefor, hereunder, hereby, and by that act assigns and transfers all his, its or their right to recover for such loss or damage against any person, persons or corporation·to this company, to inure to its benefit, but to the extent only of the amount of such loss or damage and the attendant expenses of recovery, paid or incurred by this company; and any act of the insured waiving or transferring or tending to defeat or decrease any such right of recovery against any person, persons or corporation, shall be a cancellation of the liability of this company for or on account of such loss or damage, and the expenses of recovery (if any) paid or incurred by the said company shall be a lien upon and shall be recoverable against the said vessel, tackle, apparel and other furniture, or any part thereof, or against the insured, at the option of the insurer."

The agreement entered into between the insurers of the cargo and appellant and the other owners is in part as follows:

" That said cargo was damaged by reason of said collision so that the owners thereof had a right to, and did abandon the same to the above named insurance companies, and that said companies have paid the said owners therefor, and have been subrogated to all the rights of said owners of said cargo in the premises; and whereas, the said companies desire to join their interests with that of the said owners of the said propeller " Philip D. Armour," in recovering their loss and damages against the said propeller " Marion," for that purpose the said insurance companies hereby agree to file or cause to be filed a libel setting forth their claim against the said propeller " Marion " and to pay their proportion of the expenses of the joint litigation and receive their proportionate share of the amount finally recovered in said suits, which proportion shall be upon the following basis :

Amounts claimed by the owners of the ' Philip
D. Armour,' in round numbers............ $138,000.00
The insurance companies in round numbers..  36,000.00

Total................. $174,000.00

Therefore the owners of the propeller ' Philip D. Armour' shall pay one hundred thirty-eight one hundred seventy-fourth (138-174) part of the expense of said suits, and shall receive one hundred thirty-eight one hundred sev-

enty-fourth (138-174) part of the amount recovered. The above named insurance companies shall pay thirty-six one hundred seventy-fourth (36-174) part of said expenses and shall receive thirty-six one hundred seventy-fourth (36-174) part of the amount recovered. This agreement shall be binding upon all parties above named. In consideration of the mutual benefits to each and all of the parties hereinbefore mentioned, the said parties and each and all of them hereby severally agree to be bound and carry out the above agreement."

Appellee was also an insurer upon the cargo, and as such joined in this agreement.

As an insurer of the vessel, appellee was not a party to the agreement. It is as an insurer of the vessel that the claim is now made through this suit to a proportionate portion of the money recovered by Egan upon the loss on the vessel only.

Upon the trial a jury was waived and the issues were submitted to the court.

The court found for appellee and from judgment upon such finding this appeal is prosecuted.

C. E. Kremer, attorney for appellant.

Church, McMurdy & Sherman, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

It is conceded by counsel for appellant that if appellee is entitled to recover at all, the amount assessed as damages by the trial court is correct. But it is contended that there should be no recovery at all. This contention is based substantially upon two ground, viz.: First, that because appellee did not contribute at all to the expense of the recovery of the amount awarded against the propeller " Marion," therefore, under the rule of law governing, appellee is not entitled to any share of the amount recovered until all the loss sustained by appellant has been made good therefrom; and, secondly, that the agreement entered into March 15, 1890, between the appellant and other owners of the

" Armour" on the one part, and appellee and others as insurers of the cargo upon the other part, recognizes the right of appellant to the amount recovered as loss upon the vessel and estops appellee as insurer of the vessel from any claim thereto.

The general rule is well settled that in marine insurance, when the vessel is insured for a part only of its value, the owner is held to be a co-insurer as to such uninsured part, and in case of a loss, the underwriter pays only such proportion of the entire loss as the entire amount of insurance bears to the entire value of the property insured. Parsons on Mercantile Law (2d Ed.), 537; Parsons on Marine Ins., Vol. 2, p. 405; Angell on Fire & L. Ins., Sec. 249; Trull v. Roxbury M. F. I. Co., 3 Cush. 263; Whiting v. Ind. Mut. Ins. Co., 15 Md. 297; North of England Ins. Ass'n v. Armstrong, L. R., 5 Q. B. 244.

In this case the policy being a valued policy, appellant and his co-owners were, under the rule announced, to be held as co-insurers with appellee to the extent of the uninsured portion of the fixed value.

Appellant having recovered against the vessel which caused the loss, the question arises whether he is liable to appellee, as co-insurer, for its proportionate share of the amount thus recovered.

We are of opinion that he is so liable, both upon general principles, as expressed in North of England Ins. Ass'n v. Armstrong, *supra;* Hart v. Western Railroad Co., 13 Metc. 99; Mobile, etc., R. R. Co. v. Jurey, 111 U. S. 584; Hall v. Railroad Co., 13 Wall. 367; Phœnix Ins. Co. v. E. & W. Trans. Co., 117 U. S. 312; C. & A. Railroad Co. v. Glenny, 175 Ill. 238—and as well by force of the express terms of the contract of insurance here in question.    In re The Potomac, 15 Otto, 630.

But it is strenuously contended that another rule, obtaining in cases of marine insurance, applies and governs here, viz., that when the owner, and, to the extent of uninsured value, co-insurer, has recovered part of the loss, through his own effort and at his own expense, by action against the one causing the loss, the underwriter, who has failed or

refused to contribute to the expense of such action, can not enforce payment of any part of the amount recovered except it be the surplus remaining after satisfying the owner's loss.

Cases are cited as announcing this doctrine. It is, however, unnecessary to consider them beyond stating that however well the doctrine contended for may be established, it has no application to the facts of this case. In this case there was no failure or refusal to contribute to expenses of litigation against the "Marion" which could prejudice the rights of appellee, for by the contract of insurance it was expressly stipulated that all such expense should be a charge upon the insured property and should not be borne by the appellee.

There remains to be considered only the effect of the contract entered into between appellant as one of the owners of the vessel, and appellee, as one of the insurers of the cargo. By this contract it was very definitely stated just what share of the amount recovered appellee and others should get as insurers of the cargo, and also what share thereof appellant and others should get as owners of the vessel. But the writing did not purport to determine any rights to the money thus recovered beyond fixing the relative interests of vessel owner and cargo owner. The value of the vessel in relation to the value of the cargo, and the rule of distribution between these two interests was settled, and nothing more. What disposition should be made by appellant and the other owners of the vessel, of the share received by them upon the loss on the vessel, is in no way determined by this contract. Appellee did not become a party to it as an insurer of the vessel, but merely as an insurer of the cargo. We are unable to find anything in the contract which in any way prevents appellee from recovering its proportionate share of the money paid by owners of the "Marion" for damage to the vessel owned by appellant and others.

The error assigned as to the amount of the judgment having been waived by the arguments, it is unnecessary to consider that question.

The judgment is affirmed.