## BARBER ASPHALT PAVING CO. v. NORTHERN OHIO TRACTION & LIGHT CO.

(Circuit Court of Appeals, Sixth Circuit.   March 4, 1913.)

### No. 2,243.

1. LIMITATION OF ACTIONS (§ 32*)—TORTS—WHAT LAW GOVERNS.

An action against a street railway company for a tortious injury to a city pavement, requiring a paving contractor to repair the same under its contract with the city, was within the Ohio four-year statute of limitations (Gen. Code Ohio, § 11224).

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 143–145; Dec. Dig. § 32.*]

2. SUBROGATION (§ 11*)—CONTRACT—REPAIRING PAVEMENT—INDEMNITY.

A traction company having agreed in its franchise to keep its tracks in repair, plaintiff paving company made a bid for laying an asphalt pavement on the street with a guaranty to keep the pavement in good repair at all times for a period of ten years. The paving company prepared the foundation for the car tracks, but, this proving insufficient to sustain the track and equipment, the pavement was broken as the result thereof, and plaintiff was required to make extensive repairs under its guaranty. *Held*, that such guaranty was not a contract of indemnity imposing a secondary liability only on the paving company, so as to entitle it, on being compelled to pay for such repairs, to subrogation to the city's right to recover against the traction company for so constructing its road as to cause the defects in the pavement.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 4; Dec. Dig. § 11.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio; William L. Day, Judge.

Suit by the Barber Asphalt Paving Company against the Northern Ohio Traction & Light Company. Decree for defendant, and plaintiff brings error. Affirmed.

Gann, Peaks & Townley, of Chicago, Ill., and Albert H. Feibach, of Cleveland, Ohio (Morris M. Townley, of Chicago, Ill., of counsel), for plaintiff in error.

Rogers & Rowley, of Akron, Ohio, and Ford, Snyder & Tilden, of Cleveland, Ohio (S. G. Rogers, of Akron, Ohio, and D. H. Tilden, of Cleveland, Ohio, of counsel), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. In 1897 the city of Akron, hereafter called the city, entered into contract with plaintiff in error, hereafter called the Paving Company, for the improvement by the latter of a portion of Howard street in Akron, from curb to curb, with stone curbing and asphalt pavement, under a guaranty that the pavement should at all times during the period of 10 years be "in as perfect condition as the day it was laid," and that at the end of the period the pavement should "show 75 per cent. of the original thickness called for in the contract." There was at the time a double track street rail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

way extending through this portion of Howard street, the railroad then being operated by the predecessor of defendant in error, hereafter styled the Traction Company, under a franchise which required the railway company and its successors and assigns to "in all instances, construct, operate and maintain, and keep in repair its said railroad." In 1899, which was two years after the paving contract was made, the city granted a further franchise to the Traction Company's predecessor, which provided that the railway tracks should be "so constructed as that the upper surface of the rails thereof at all times should conform to the grade of the streets in which the same were laid." The paving was completed in 1897, and the Paving Company seems to have complied with its contract to keep the pavement in repair, making such repairs each year, until and including the year 1903. In 1904 it refused to make further repairs, claiming that those demanded by the city were induced by breakages of the pavement caused by defects in the foundations under the street car tracks, resulting from the failure of the street railway company to keep its road in repair; it being alleged that, after the paving was done and with the city's permission, cars had been used which were too heavy for the track foundations. The city accordingly repaired the pavement, and brought suit against the Paving Company for reimbursement. This court held on review that the Paving Company was not relieved from its guaranty by the fact that the pavement was broken because of insufficient railway track foundations, nor because of the renewal of the grant to the railway company, nor because heavier cars were used by the latter; but that all these facts must be presumed to have been within the contemplation of the parties when the paving contract was made. 171 Fed. 29, 96 C. C. A. 271. The city finally recovered of the Paving Company upwards of $7,000. Thereupon the Paving Company paid the judgment, and brought this suit against the Traction Company for reimbursement.

The petition in the instant suit alleged the franchise obligation existing when the paving contract was made to keep the street railway in repair; also the requirement of the 1899 franchise that the upper surface of the rails at all times conform to the grade of the street, and the Traction Company's assumption of those obligations; set up the paving contract of 1897, alleged that "as a part of said contract this plaintiff agreed with said city of Akron to insure the maintenance of said asphalt pavement for a period of 10 years from the date of its construction, and furthermore promised, in the event said pavement should become out of repair during said period, to make the necessary repairs to said pavement so as to keep the same in a good condition of repair during all of said time," and that at the time the paving contract was made plaintiff "was aware of the obligation imposed by said franchises upon said street railway company with respect to the maintenance and repair of its system of street railway," and that plaintiff "entered into said contract with said city * * * relying upon said street railway company and its successors to keep and perform its obligations in the premises." It will be noted that the general agreement to keep the street railway in repair was the only franchise obligation actually existing when the paving contract was made. The

petition further alleged the failure of the Traction Company to comply with its duty to keep the railway in repair, in that "the foundation, ties and rails of said street railway were of insufficient construction for the street railway traffic upon said street; that said rails were permitted to become loose and that said ties and foundation were insufficient to support the same"; that the excessive vibration of the rails and ties caused the top of the rails to sink below the grade of the street; that the asphalt surface of the pavement near the rails and ties was thereby broken, permitting the accumulation of rainwater along the rails, and its infiltration through the binder course of the pavement, thus permitting the freezing of and injury to the pavement. The Traction Company or its predecessor was alleged to be primarily liable to the city for such damage, and the Paving Company to be secondarily liable to the city for the repairs. It was asserted that the plaintiff, having been required to make the repairs, "should now be subrogated to the rights of the city of Akron as against the defendant herein." The petition was demurred to, the causes which are pertinent here being (a) that the action was barred by the four-year statute of limitations, and (b) that the facts stated constituted no cause of action against the Traction Company. The demurrer was sustained and the suit dismissed.

The plaintiff plants its action squarely upon the ground of subrogation alone; and upon the theory stated that the Traction Company was "primarily liable" to the city for the injury to the pavement caused by that company's failure to properly maintain its tracks; that the plaintiff's obligation to the city was "secondary" only to that of the Traction Company; that the obligation of the latter to keep its tracks in repair was, as between it and the Paving Company, superior to the latter's obligation to keep the pavement in repair; that plaintiff was thus in legal effect merely a guarantor or insurer of the performance by the Traction Company of its obligation to the city, its relation being strictly analogous to that of an insurer of goods during transportation in reliance upon the contract of the carrier to safely carry the goods, or that of a tenant under obligation to repair as against third persons whose negligence makes such repairs necessary; that the Paving Company having satisfied the city's demand, on account of an injury occasioned, as alleged, exclusively by the misconduct of the Traction Company, the Paving Company is entitled to such remedies as the city would have had against the Traction Company, had it elected to sue that company.

[1] We may dismiss all question of defendant's liability to plaintiff for a tortious injury to the pavement not based upon contract between the Traction Company and the city, for the reason, if for no other, that any action for tort which the city may have had was barred by the four-year statute of limitations. Gen. Code of Ohio, § 11224.

[2] Plaintiff's alleged right of subrogation is thus limited to the enforcement of the Traction Company's contract obligations to the city. If it be conceded that the Paving Company's obligation to keep the pavement in repair was merely secondary to that of the Traction Company to keep its tracks in repair—in other words, that the former's obligation was only one of insurance or indemnity with respect to the

obligation of the latter—the right of subrogation would seem clear. But we think the premises relied upon are fatally unsound. The petition, it is true, alleges that plaintiff agreed with the city to "insure the maintenance of said asphalt pavement"; but we do not understand this to mean that such was the actual language of the contract, but only that such is claimed to be the legal effect of the premises otherwise stated in the petition. In the brief of plaintiff in error it is assumed that this court "may take judicial notice of the record of the former case in this court," viz., the case between the city and the Paving Company. Turning then to the record in the former case, we find that the only language which may be even plausibly thought to sustain the idea of a contract of indemnity is that found in the guaranty, the substance of which we have already stated, except that the Paving Company (to use the language of the petition in the instant case) "furthermore promised that in the event said pavement should become out of repair during said period, to make the necessary repairs to said pavement so as to keep the same in a good condition of repair during all of said time." We find nothing in the petition in the present case, or in the record of the former case, indicating an intention or understanding on the part of either of the three parties concerned that the plaintiff was to be merely an insurer of the Traction Company's obligation to the city. There is in fact much to the contrary. The paving specifications required bids "covering periods of five, ten and fifteen years guaranty." The 10 years guaranty proposed by the plaintiff was accepted. The Paving Company took it upon itself "to prepare the foundations and to warrant the work as set out in the specifications and proposals, irrespective of what may occur by reason of any underground work or repairs made prior to the laying of said pavement." As shown by the petition in the present suit, it knew of the existence of the railway tracks in the street, and, as held by this court in the former case, was bound to anticipate such use as was actually made of the tracks subsequent to the paving contract. As said in the opinion of Judge Warrington, speaking for this court in the former case:

"Foundations for the car tracks appear from the testimony to have been laid by the street car company, while the paving company was engaged in its work upon the improvement. Indeed, the paving company furnished and mixed the materials for the track foundations; and it does not appear to have made any objections to the foundations as laid. With the knowledge the paving company thus obtained of the foundations, and its apparent acquiescence in their sufficiency, it proceeded to construct the pavement foundations and to place the asphalt surface thereon throughout the length and breadth of the improvement, including the spaces between the street car rails."

This statement is borne out by the record of the former case. Indeed, we understood plaintiff's counsel on the argument practically so to concede. No suggestion of mere indemnity or insurance anywhere appears. The allegation that, when the paving contract was made, plaintiff knew of the railway company's obligation to keep its tracks in repair, and entered into the contract in reliance upon that obligation, justifies no legal presumption that its bid was less on that account. But, were it so, the plaintiff's contract did not thereby become one of indemnity alone. The Traction Company had no benefit

from it, and it is not alleged that even the city or the Traction Company knew that the alleged liability of the latter was in the mind of any one. The petition in the present suit, and the record in the former case, are consistent only with the idea that the plaintiff sold its pavement to the city, and as incidental to the sale, and as necessary to its accomplishment, made the guaranty in question. The respective obligations of the Traction Company and the Paving Company toward the city were not necessarily legally identical. The city's measure of damages for breach of the respective obligations was not necessarily the same. Under these circumstances, it is difficult to see how the obligation of either the Traction Company or the Paving Company can be said to be, as to the other, "primary" in character, except that that of the Traction Company was prior in time. But we think this insufficient to make the Paving Company's obligation secondary, and that of the Traction Company superior, within the meaning of the law of subrogation. The existence of such superior obligation is necessary to the existence of the right invoked.

The theory of insurance or indemnity as applied to the case presented is in our opinion strained and unnatural. We see no satisfactory analogy between the plaintiff's status and that of an insurer of a cargo burned during transportation, as in Hall v. Railway Company, 13 Wall. 367, 20 L. Ed. 594, where the insurer palpably stood in the position of a surety, "stipulating that the goods shall not be lost or injured in consequence of the peril insured against." The case of Owensboro, etc., Ry. Co. v. Paving Co. (Ky.) 107 S. W. 244, 14 L. R. A. (N. S.) 1216, relied upon by the Paving Company, is readily distinguished from the case before us, in that in the Owensboro Case the paving company had built the railway tracks for the Railway Company, and upon disagreement arising as to which of those companies was under obligation to the city to repair, the traction company took an assignment from the city of the paving company's agreement with the latter; and the repairs were thereafter made by the paving company, under agreement with the traction company, whereby the latter deposited the cost of the repairs, and suit directly between the railway company and the paving company was provided for to determine which of the two was liable as against the other.

Under the case here presented, the city (as is now conceded) could have sued either the Traction Company or the Paving Company. But neither was, we think, under superior obligation to the other, and neither, if compelled to comply with its agreement, had any equity for reimbursement from the other. It would have been entirely fair and equitable for the Paving Company to have obtained, in connection with its paving contract with the city, a right of assignment from the latter of any right of action it might have against the Traction Company for breach of its franchise agreement. By such arrangement the city would presumably have been benefited. But this was not done, and without it we think no right of action has accrued to the Paving Company.

In our opinion the demurrer was properly sustained and the judgment of the Circuit Court dismissing the suit is affirmed.