UNITED STATES CASUALTY CO. *v.* BAGLEY.

LANDLORD AND TENANT — NEGLIGENCE — INJURY TO TENANT'S
    GOODS—INSURANCE—SUBROGATION OF INSURER.

> Where insured goods belonging to a tenant were damaged by
> the negligence of the landlord, and the tenant, pursuant to
> the terms of the policy, on payment of the loss, assigned his
> claim to the insurer, the negligence of the insurer in assum-
> ing the risk was no defense in an action by it against the
> landlord, the insurer being under no obligation to the land-
> lord to exercise care in insuring the risk.

Error to Wayne; Frazer, J. Submitted November 22,
1901. Decided December 3, 1901.

Case by the United States Casualty Company against
John N. Bagley and others for negligence in the construc-
tion of a sprinkler system in premises leased to plaintiff's
assignors. From a judgment for plaintiff, defendants
bring error. Affirmed.

This is an action on the case for negligence. The plain-
tiff is an insurance company, which had insured the goods
of Burnham, Stoepel & Co. against damage which might
be caused by the accidental discharge or leakage of water
from the automatic fire-extinguishing apparatus in the
building occupied by that firm. The Bagley estate, so
called, represented by the defendants, is the owner of the
building, and the landlord of Burnham, Stoepel & Co.

On July 4, 1897, water escaped from the extinguishing
apparatus, and damaged the goods of Burnham, Stoepel
& Co. That firm made claim against the plaintiff here
under the policy of insurance, and brought suit against it.
The cause was tried in the United States circuit court for
the Eastern district of Michigan, and judgment was
rendered therein for the plaintiffs. The casualty company
took a writ of error, and the judgment was affirmed in

the court of appeals.   Thereafter the casualty company paid the judgment and the costs, amounting to $12,459.26, and took from Burnham, Stoepel & Co. a writing, which, after reciting the receipt of the amount of the judgment, proceeds:

"In consideration of payment of the above amount, we hereby, in pursuance of the provisions of said policy, subrogate the said United States Casualty Company to all claims or rights of the undersigned against any third party in respect to the loss that occurred under said policy, for which the judgment above referred to was recovered."

The casualty company thereupon brought this action, claiming to have been subrogated to the rights of Burnham, Stoepel & Co.

The premises in question are the westerly part of the building the easterly portion of which was occupied by the Peerless Manufacturing Company.   The flow of water complained of here took place substantially at the same time with, and under like circumstances as, that involved in the case of *Peerless Manfg. Co.* v. *Bagley*, which was before this court, and is reported in 126 Mich. 225 (85 N. W. 568).   The decision in that case settled the legal questions which would have been involved in a suit between Burnham, Stoepel & Co. and the Bagleys. There was evidence introduced from which a jury might infer negligence on the part of the extinguisher company in putting such a head in the skylight, and the court instructed the jury that the defendants were chargeable with the negligence, if any, of the extinguisher company. Mr. Stoepel testified that the installation was complete when the insurance was written; that, before the policy was signed and delivered,—

"I think our building was inspected by some of the agents or representatives of the casualty company.   No objection was made to me personally by the representatives of the United States Casualty Company, before this policy was issued, as to anything connected with the sprinkler system.   Before the policy was written, the casualty company had full opportunity to inspect the system."

There was no testimony to contradict Mr. Stoepel.

The only question in this case is whether, when the plaintiff had full opportunity to inspect the extinguisher system, and did inspect it, before writing its policy, it can charge the defendants with the result of the negligence of the fire-extinguisher company, free from any charge of contributory negligence on its part.

*Wells, Angell, Boynton & McMillan*, for appellants.

*Brennan, Donnelly & Van De Mark* (*Alfred Lucking*, of counsel), for appellee.

MONTGOMERY, C. J. (*after stating the facts*). The defendants contend that there was testimony which would justify a finding by the jury that plaintiff was guilty of negligence in insuring the risk, and that it should be held that, if it was guilty of such negligence, there can be no recovery against the defendants. The difficulty we find in assenting to this contention lies in the fact that there were no relations whatever between the plaintiff and the defendants which imposed any duty upon the plaintiff to refrain from making any contract to indemnify Burnham, Stoepel & Co. which, in the judgment of its agents, was advantageous. Negligence of which a party has a right to complain is the omission of some duty owing to the complaining party. See 1 Thomp. Neg. § 3. It cannot be doubted that, had Burnham, Stoepel & Co. brought this action against the defendants, their right of recovery would be clear. Nor would the fact that they had taken out this insurance with the plaintiff have defeated that recovery. *Perrott* v. *Shearer*, 17 Mich. 48; *Peter* v. *Railway Co.*, 121 Mich. 324 (80 N. W. 295, 46 L. R. A. 224, 80 Am. St. Rep. 500). This being so, it can work no injury to the defendants that, either before or after the injury resulting from their negligence, the plaintiff has been subrogated to the right of action which would otherwise be clear in Burnham, Stoepel & Co. When the insurance company accepted this risk, its own inspection

would, as between Burnham, Stoepel & Co. and plaintiff, estop it from denying that it had made sufficient examination, and, if it found the risk more than ordinarily dangerous, we know of no rule of law which would prohibit the company from accepting the risk and writing the policy. Indeed, it may have increased its premium by reason of the danger being unusual because of the situation of the premises. If, in accepting such a risk, it took greater risks than it should, it may have been guilty of a breach of duty to its stockholders, but it neglected no precaution owing to a stranger. See, for their bearing on this question, *Sun Mut. Ins. Co.* v. *Mississippi Val. Transp. Co.*, 17 Fed. 919, and *Insurance Co.* v. *The C. D., Jr.*, 1 Woods, 72 (Fed. Cas. No. 7,051).

Defendants' counsel insist that the fact that plaintiff claims by subrogation under Burnham, Stoepel & Co. does not preclude defendants from insisting upon the defense of negligence. It is to be kept in mind that it is only because plaintiff is subrogated to Burnham, Stoepel & Co.'s rights, in place of the action being brought by that firm, that the defense is attempted; and it leads back to the question whether the plaintiff owed the defendants any duty of inspection.

The defendants rely upon the rule that, where one meets a loss through his own negligence, he will not be permitted to invoke the doctrine of subrogation. The answer to this was tersely made on the argument,—that in this case it is not an attempt to invoke the equitable doctrine of subrogation, but that the plaintiff is already subrogated to the rights of Burnham, Stoepel & Co. What it is now seeking to do is to recover in that right under what amounts to an assignment of Burnham, Stoepel & Co.'s claim, and the case presented is the case of Burnham, Stoepel & Co., represented by the plaintiff, who might have sued either in its own name or in that of Burnham, Stoepel & Co., at its election.

The defendants contend that this right to maintain the action should be subject to an exception, which is formulated by defendants' counsel as follows:

"One whose own neglect or wrong has been a cause contributing to the damage sustained by him cannot successfully invoke the right of subrogation."

But we think no such exception can have application to this case: *First*, because the plaintiff has been guilty of no neglect or wrong as against the defendants; and, *second*, the damage which resulted to the plaintiff from its own inattention was whatever excess it paid to Burnham, Stoepel & Co. over and above the value of the right of subrogation contracted for in the policy, if anything. The circuit judge correctly charged the jury that the plaintiff was entitled to the same rights that Burnham, Stoepel & Co. would have had had the action been brought in their name.

The judgment will be affirmed.

The other Justices concurred.