TRAVELERS' INS. CO. v. GREAT LAKES ENGINEERING
WORKS CO.

(Circuit Court .of Appeals. Sixth Circuit. January 3, 1911.)

No. 2,065.

1. PLEADING (§ 48*)—SUFFICIENCY OF PETITION—OHIO STATUTE.

A petition considered, and *held* to state a cause of action as against a demurrer under the provisions of Rev. St. Ohio 1908, § 5096, which provides that the allegations of :a pleading shall be liberally construed with a view to substantial justice between the parties, and of section 5088, which provides for requiring pleadings to .be made more specific and certain by amendment, and under which. as construed by the Supreme Court of the state, defects of allegation which do not amount to such an absolute omission of fact as to constitute no ground of action or defense can only be taken advantage of by motion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 48.*

Following state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. INSURANCE (§ 606*)—SUBROGATION OF INSURER—EMPLOYER'S LIABILITY INSURANCE.

In fire and marine insurance, the rule is well settled that the insurer, on paying to the assured the amount of a loss on the property insured, is subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss, and such doctrine of subrogation is equally applicable to cases of employer's liability insurance, in which the insurer's contract is also one of indemnity.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1516; Dec. Dig. § 606.*

Subrogation of insurer under assignment of rights of insured, see note to The Livingstone, 65 C. C. A. 15.]

3. INSURANCE (§ 606*)—SUBROGATION OF INSURER—EMPLOYER'S LIABILITY INSURANCE.

While the defendant was engaged in installing a refrigerating plant, including an engine, in a brewery, a cylinder head of the engine blew out, and one employé of the brewing company was killed and another injured. Actions were brought against the brewing company by the in-

jured employé and on behalf of the next of kin of the deceased employé under the Ohio statute, and damages were paid by plaintiff, which had issued to the company an employer's liability policy covering such losses and containing a provision that, in case of payment of a loss thereunder, plaintiff should be subrogated to the extent of such payment to all rights of recovery for such loss by the assured against persons, corporations, or estates. *Held* that, assuming that the brewing company was not itself negligent, but that its liability for the injury and death of its employés arose from its responsibility for the negligence of defendant in installing a defective and dangerous machine on its premises, it had a right of action to recover over against defendant, to which right plaintiff succeeded by subrogation, and that such right of action was not affected by the fact that the brewing company's liability in one case was statutory and to certain persons only.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1516; Dec. Dig. § 606.*]

4. PARTIES (§ 6*)—PLAINTIFFS—REAL PARTY IN INTEREST—RIGHT OF ACTION OF INSURER BY SUBROGATION.

Under Rev. St. Ohio 1908, § 4993, which requires actions to be prosecuted in the name of the real party in interest, an insurer, who by payment of a loss has been subrogated to a right of action of the assured against a third person, may maintain an action at law thereon in its own name.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 6–8; Dec. Dig. § 6.*]

5. INSURANCE (§ 606*)—SUBROGATION OF INSURER - RIGHT OF ACTION AGAINST THIRD PERSON—PAYMENT OF CLAIM BEFORE JUDGMENT.

In an action by an employer's liability insurer, which has paid a loss incurred by the assured through the death of an employé, to recover in right of subrogation from a third person whose negligence caused such death, it is not essential to the right of recovery that a judgment should have been recovered against the assured before the claim was paid, since the only effect of such a judgment would be by way of evidence establishing liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1516; Dec. Dig. § 606.*]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Action at law by the Travelers' Insurance Company against the Great Lakes Engineering Works Company. Judgment for defendant, and plaintiff brings error. Reversed.

Robertson & Buchwalter (C. D. Robertson, of counsel), for plaintiff in error.

Louis J. Dolle and James B. O'Donnell, for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and DENISON, District Judge.

KNAPPEN, Circuit Judge. The writ of error in this case is brought to review the judgment of the Circuit Court sustaining a demurrer to plaintiff's petition and dismissing the same. The petition alleges, in substance, that through the negligence of the defendant engineering company with respect to the construction and installation of a refrigerating machine and steam engine, which it was engaged in

manufacturing, furnishing, and installing in the place of business of the Herancourt Brewing Company, and while the engine was being operated by the permission and direction of the engineering company, the cylinder head of the engine blew out, "causing the almost instant death of Joseph Leinhart, an oiler in the employ of the Herancourt Brewing Company, and wounding and seriously injuring Edward Wund, another employé of said brewing company, while said employés were in the discharge of their duty," and without negligence or fault on their part; that the brewing company "had no knowledge of, and in the exercise of ordinary care had no means of knowledge of, the said defects, negligent construction, and assembling of said engine, or of the careless and negligent manner in which it was installed"; that by reason of said injuries, due to the negligence or fault of the engineering company, the brewing company became liable to the injured parties and their legal representatives by way of damages as compensation for such injuries; that the brewing company was at the time indemnified, under plaintiff's policy of employer's liability insurance, "against loss by reason of liability imposed by law upon it for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered by reason of the operation of its business, by any person employed by it at its place of business," the policy containing a provision that plaintiff "shall be subrogated in case of payment of loss under this policy to the extent of such payment to all rights of recovery for such loss by the assured, against persons, corporations or estates"; that plaintiff, in compliance with its insurance contract, "as it was in duty bound," "was required, and did at great expense, appear for, defend, and settle the suit of Margaret Leinhart, administratrix," against the brewing company on account of damages for such alleged wrongful death, "having to pay in satisfaction thereof the sum of $2,750 and court costs in the sum of $15; and having to pay in satisfaction of the claim of Edward Wund, a minor, the sum of $75 and court costs, in the sum of $15." The petition prayed judgment for these amounts, as well as for attorney's fees "in the litigation and settlement of said claims," and for the time and services of plaintiff's officers and employés "in connection with and given to the said litigation and adjustment of said claims."

The ground of demurrer to the petition generally, as well as specially to so much of it as seeks recovery on account of the Leinhart claim was that it failed to state facts sufficient to constitute a cause of action; it being also assigned that the cause of action is below the jurisdictional amount, this objection being directed to the fact that the claimed recovery aside from the Leinhart claim did not amount to $2,000. The court below held that the brewing company could have no right of action against the engineering company for damages which it had to pay growing out of the wrongful death of Leinhart, for the reason that only the administratrix of the deceased could have recovered against either or both wrongdoers, and, as the insurance company could recover against the engineering company only in the right of the brewing company, the action could not be sustained.

It is over the correctness of this ruling that the important question arises.

Before proceeding, however, to its discussion, reference must be made to certain objections urged against the sufficiency of the petition in other respects, but not passed upon by the court below. It must be admitted that if the petition were to be tested by the rules applicable to common-law pleadings, which require that they be construed most strongly against the pleader, it would be subject to some, at least, of the criticisms made against it. The Ohio statute, however (Rev. St. 1908, § 5096), provides that:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

And under this statute it has been held that the rule of the common law above referred to has been abrogated (Hall v. Plaine, 14 Ohio St. 417, 422; Crooks v. Finney, 39 Ohio St. 57, 58); and that pleadings under the present system must be fairly and reasonably, not strictly, construed (McCurdy v. Baughman, 43 Ohio St. 78, 1 N. E. 93). By section 5088 provision is made for requiring pleadings to be made more definite and certain by amendment, and it has been held that defects of allegation which do not amount to such an absolute omission of fact as to constitute no ground of action or defense must be taken advantage of or objected to by motion. Trustees, etc., v. Odlin, 8 Ohio St. 293, 296. We think that under this liberal rule the petition may, for the purposes of demurrer, fairly be construed as intended to charge that the accident occurred through the negligence of the engineering company; that as between it and the brewing company the latter was not negligent; that the brewing company, however, became legally liable through its relations with the engineering company, which are not definitely alleged to be those of an independent contractor; that the injuries in question were accidentally suffered by reason of the operation (within the meaning of the indemnity contract) of the brewing company's business by persons employed by it thereat; that the brewing company, as between it and the injured employés or their representatives, was bound to make the payments here sued for, the plaintiff, as between it and the brewing company, being liable thereto.

It is to be remarked, in passing, that the question whether the relation of the engineering company toward the brewing company was or was not in fact that of independent contractor is, of course, open for determination upon the evidence as it shall appear upon the trial.

We are thus brought to the question whether the insurer, by reason of a contract of indemnity against employer's liability, such as exists here, can maintain an action against a third party whose negligence has caused liability to the insured employer for injuries resulting in the death of its employé.

The rule is well settled, in fire insurance as well as in marine insurance, that the insurer, upon paying to the assured the amount of a loss on the property insured, is subrogated in a corresponding amount to the assured's right of action against any other person re-

sponsible for the loss; this right of the insurer against such other person not resting upon any relation of contract or of privity between them, but arising out of the nature of the contract of insurance as a contract of indemnity derived from the assured alone, and enforceable in his right only. Hall v. Railroad Cos., 13 Wall. 367, 20 L. Ed. 594; Mobile & M. Ry. Co. v. Jurey, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527; Phœnix Ins. Co. v. Erie Transp. Co., 117 U. S. 312, 320, 6 Sup. Ct. 1176, 29 L. Ed. 873; Liverpool, etc., Steam Co. v. Phœnix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; St. Louis, etc., Ry. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 235, 11 Sup. Ct. 554, 35 L. Ed. 154; Cooley's Briefs on the Law of Insurance, vol. 4, p. 3893; Newcomb v. Insurance Co., 22 Ohio St. 382, 387, 10 Am. Rep. 746. In United States Casualty Co. v. Bagley, 129 Mich. 70, 87 N. W. 1044, 55 L. R. A. 616, 95 Am. St. Rep. 424, the plaintiff, which had paid a damage resulting to the tenant by an accidental discharge or leakage of water from an automatic fire extinguishing apparatus, was permitted to recover against the landlord, as the one liable to the tenant therefor.

But it is insisted by defendant that the brewing company could have no right of action against the engineering company for causing the death of Leinhart, for the reason that there is no common-law right of action for causing the death of a human being, the right of action being purely statutory—in Ohio the action being required to be brought in the name of the personal representative of the deceased, and for the exclusive benefit of the wife, husband, children, parents, or next of kin of the deceased (Rev. St. Ohio 1908, §§ 6134, 6135)—and that the injury to the insurance company from the death of Leinhart is thus too indirect and remote to give a right of action to the insurance company. The cases of Insurance Co. v. Brame, 95 U. S. 754, 24 L. Ed. 580, and Connecticut Mutual Life Ins. Co. v. N. Y. & N. H. Ry. Co., 25 Conn. 265, 65 Am. Dec. 571, are among the most important of the cases relied upon in support of this proposition. It was upon the former of these cases that the learned district judge rested his denial of plaintiff's right to relief. In our opinion, none of the cases cited support the proposition referred to. In the Brame Case the insurance company sought to recover against Brame for the wrongful killing of one McLemore, on whose life the plaintiff had issued a policy of insurance which it was thereby compelled to pay. It was held that as there was at common-law no right of action against Brame for the killing of McLemore, and as the statute creating the right of action gave it only in favor of the minor children or widow, or other relatives of the deceased, the fact that the killing of McLemore "happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing," and so gave the insurance company no right of action. The question of subrogation was not referred to, as the insurance contract there involved was not one of indemnity to those injured by the death, but was a wagering contract. The principle of subrogation could have no application to that case, because rights thereunder must have been

asserted in the name of the insured, and whatever right of action he may have had abated with his death. In the New York & New Haven Railroad Case, the insurance company sought to recover damages for the negligent killing of Dr. Beach, whose life was insured by plaintiff's policy, which it was thereby compelled to pay, and the denial of relief was put upon substantially the same ground as in the Brame Case. In this case, likewise, the doctrine of subrogation was not involved. On the contrary, the court distinguished the case before it from one involving the right of subrogation in this language:

"The cases in which insurers have been permitted to recover against the authors of their losses are not in contravention of this principle. They have recovered, not by color of their own legal right, but under a general doctrine of equity jurisprudence, commonly known as the doctrine of subrogation, applicable to all cases wherein a party who has indemnified another in pursuance of his obligation so to do succeeds, and is entitled to the cession of all means of redress held by the party indemnified against the party who has occasioned the loss."

The case before us is readily distinguished from both the cases we have referred to. It is a general rule of law that a principal or employer is civilly responsible for wrongs committed by his agent or servant while acting within the scope of the employment of the agent or servant. 1 Thompson on Negligence, §§ 518, 520, 526. The rule of law is likewise general that where a principal or employer is not in fault, but has nevertheless been compelled to pay damages to a third person for the negligence of his agent or employé, he may maintain an action over against such servant or employé to recover what he has been compelled to pay. Story on Agency (9th Ed.) § 217; 4 Thompson on Negligence, § 3870. The brewing company thus had, by virtue of its alleged relations with the engineering company, a right of action over against the latter for negligence on its part which caused legal damage to the brewing company. The injury to the brewing company resulting from that negligence was direct and immediate.

With respect to injuries not causing death, as in the case of Wund, we apprehend this proposition would not be questioned. With respect to the damage resulting from Leinhart's death, the fact that Leinhart had no right of action is immaterial. There is no attempt to recover here in any right of his. The ground of the recovery sought is that the engineering company failed in its primary and positive duty toward the brewing company, whereby the latter company sustained a loss. It can make no difference with its right of action over that the original recovery against it belonged to one person rather than another; to the widow and children rather than to the representative of Leinhart's estate. Under the allegations of the petition, the negligence of the engineering company was the direct and sole cause of Leinhart's death, and thus of the damages suffered by the brewing company. The injury to the insurance company was thus not indirect or remote, but was direct and immediate, because it stands in the shoes of the brewing company. We know of no reason, either upon principle or authority, why the doctrine of subrogation, which has been expressly held applicable to indemnity

by way of fire and marine insurance, and by at least necessary implication in the case of casualty insurance, should not be held to extend to employer's liability indemnity. State v. Ætna Life Ins. Co., 69 Ohio St. 317, 69 N. E. 608, is cited by defendant to the proposition that employer's liability insurance is really accident insurance, and so should be classed with ordinary life and accident policies as not being indemnity insurance. The case is not authority for that proposition. The fact that the original right of action against the brewing company was statutory is certainly immaterial. For one example, out of many: In Hart v. Western Railway Corporation, 13 Metc. (Mass.) 99, 46 Am. Dec. 719, the insurance company was held entitled to recovery on account of a fire loss which it had paid and for which the railroad company was made liable by statute.

But it is contended that this right of subrogation, if it exists, can, in a court of law, be enforced only in the name of the insured. In several cases (including Phœnix Ins. Co. v. Erie Transp. Co., 117 U. S. 321, 6 Sup. Ct. 1176, 29 L. Ed. 873, and Connecticut Mutual Life Ins. Co. v. N. Y. & N. H. Ry. Co., 25 Conn. at page 277, 65 Am. Dec. 571) it is said that the insurer may enforce his right of subrogation in equity or in admiralty in his own name, but that in the courts of common law the right can be enforced only in the name of the insured. In St. Louis, etc., Ry. Co. v. Commercial Union Ins. Co., 139 U. S. at page 235, 11 Sup. Ct. at page 557, 35 L. Ed. 154, it was said (speaking of the right of subrogation):

"By the strict rules of the common law, it must be asserted in the name of the assured; in a court of equity or of admiralty, or under some state codes, it may be asserted by the insurer in his own name."

See also, Norwich Union Fire Ins. Co. v. Standard Oil Co., 59 Fed. 984, 987, 8 C. C. A. 433; Insurance Co. v. Strong, 18 Ohio Cir. Ct. R. 464.

Turning to the statutes of Ohio (Rev. St. 1908, § 4993), we find that "an action must be prosecuted in the name of the real party in interest," with certain exceptions not applicable here. In several cases statutes similar to that in Ohio have been expressly held to give the right of action at law in the name of the assured (Marine Ins. Co. v. St. Louis, etc., Ry. Co. [C. C.; Caldwell, D. J.] 41 Fed. 643, 645; Norwich, etc., Ins. Co. v. Standard Oil Co., 59 Fed. 984, 987, 8 C. C. A. 433; Swarthout v. C. & N. Ry. Co., 49 Wis. 625, 6 N. W. 314; Connecticut Fire Ins. Co. v. Erie R. R. Co., 73 N. Y. 399, 405, 29 Am. Rep. 171), although the rule would be different when the insurer had paid a part only of the loss, for in such case the principle forbidding the splitting of an action would forbid a suit by the insurer for a part only of the loss claimed. Norwich Ins. Co. v. Standard Oil Co., supra; Continental Ins. Co. v. Loud, 93 Mich. 139, 53 N. W. 394, 32 Am. St. Rep. 494. In United States Casualty Co. v. Bagley, supra, the recovery was in the name of the insurer. We find nothing in Hall v. Railroad Co., 13 Wall. 372, 20 L. Ed. 594, or in Memphis, etc., R. R. Co. v. Dow, 120 U. S. 301, 302, 7 Sup. Ct. 482, 30 L. Ed. 595, opposed to the conclusion that

under the statutes of Ohio the action for subrogation is properly maintainable by the insurer who has paid the entire loss.

It is further urged against plaintiff's right of recovery that the petition does not show that judgment was actually taken against the brewing company; the implication being that the liability was settled without judgment. We see no merit in this contention. Assuming that no recovery could be had in advance of actual payment of the liability, the only effect of a judgment would be by way of evidence establishing liability. If the insurance company saw fit to pay the claimed liability without judgment, and without warning in the engineering company, so as to bind it by that judgment, the burden rests upon it of establishing in this suit, by proof, not only that Leinhart's death occurred through the negligence of the engineering company, but also the extent of the damages recoverable by his relatives on account of that death.

It follows, from the views we have expressed, that the court below erred in sustaining the demurrer.

The judgment is, accordingly, reversed, with directions to take such further proceedings in the case as are not inconsistent with this opinion.