## MARTIN v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Sixth Circuit.
February 14, 1930.

No. 5289.

Deeds & Cole, of Toledo, Ohio, for appellant.

Fraser, Hiett, Wall & Effler, of Toledo, Ohio, for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Appeal from a judgment sustaining a demurrer to and dismissing plaintiff's fourth amended petition. After condensing and yet retaining the substance of this prolix and beclouded petition, it avers that the defendant operated a double-track railroad through Gibsonburg, Ohio; that in that village the railroad intersected Madison street; that the defendant maintained a watchman's shanty at this intersection and a few feet from the west side of the track; that decedent had been a watchman there; that prior to September 4, 1925, the date of his death, decedent had temporarily discontinued his work but with an agreement and understanding with defendant's officer and agent having control of its watchmen that decedent would resume on or near that date; that during the interval decedent had been awaiting information as to when and where he should resume; that about the time he discontinued work the defendant through an agent having charge and control of its watchmen stated to him that he (the agent) would inform the watchman at the shanty when and where decedent should resume work; that said agent requested decedent to call upon the watchman at the shanty for these instructions; that defendant had authorized the watchman to employ decedent and that it had been the practice and custom for the said watchman to employ watchmen, including decedent; that frequently, following this custom and with the knowledge and consent of defendant, said watchman would employ substitute watchmen for temporary duty, which substitute would be paid sometimes by the regular watchman and sometimes by the defendant.

The petition further avers that while decedent, pursuant to said invitation, was conferring with said employee of defendant, defendant operated a freight train over the west track; that a certain tank car in said train was defective and unsafe in that its

drawbars were weak, loose, and insecurely fastened; that the transverse member of the underframe of the car and the sill to which the drawbars were attached were weak, broken, and defective; that the parts of the drawbars holding them in place were broken, rusty, corroded, worn, and loose, all of which was known to defendant or should have been known in the exercise of ordinary prudence; that when this tank car was, in the movement of the train, opposite decedent and the shanty, the drawbars, on account of said defects, came loose, fell to the roadbed, and caused a derailment resulting in a collision with the shanty and the death of decedent.

The petition further avers that the public generally had frequented this shanty and the adjacent premises openly and notoriously for a number of years and had used the premises as a walkway, and that decedent and other employees were accustomed to visit said premises to receive information and instructions from the watchman there relative to their employment, all of which defendant knew or should have known.

We think these averments when tested by Ohio General Code, § 11345, requiring pleadings to be liberally construed with a view to substantial justice, state a sufficient cause of action upon the principle that one who invites another to come upon his premises, especially in connection with a matter of interest to one or both parties, owes the invitee the duty to exercise ordinary care to keep the premises reasonably safe for the purpose of the visit and to abstain from any act which might endanger his safety. We cannot say that the claim of invitation should be rejected as a mere conclusion of law, and so that this fourth amended petition absolutely omits allegations of a sufficient cause of action. Section 11309, Ohio Gen. Code; Travelers' Ins. Co. v. Great Lakes Engineering W. Co., 184 F. 426–429, 36 L. R. A. (N. S.) 60 (C. C. A. 6), and cases cited. . Whatever defect the petition carries is found in its elements of uncertainty and indefiniteness. As illustrative, the petition leaves it somewhat doubtful whether the decedent went to the shanty by direct order or invitation or pursuant to recognized practice and as to whether the watchman at the shanty was empowered by direct authority or by a custom long acquiesced in, to re-employ decedent. There is also a question, if it should become material, whether the point where decedent met his death was upon the premises of the defendant at the shanty or at a place near the shanty made public by a long-continued and tolerated custom of employees to gather there.

However, objections for uncertainty and indefiniteness must be raised by a motion and not by demurrer. Travelers' Ins. Co. v. Great Lakes Engineering W. Co., supra; Everett v. Waymire, 30 Ohio St. 308; Valley Ry. Co. v. West Co., 46 Ohio St. 44, 18 N. E. 486, 1 L. R. A. 412; see also Union Bank at Massillon v. Bell, 14 Ohio St. 200; Schrock v. Cleveland, 29 Ohio St. 499. If sufficient averments are not lacking, demurrer will not lie because they may somewhat reflect the difficulty plaintiff may encounter in proving his case.

The judgment is reversed, and the case remanded for further and consistent proceedings.