The plaintiff commenced suit against the defendants alleging that it purchased from defendants a certain hose and coupling for the purpose of transferring noxious gases, that the hose and coupling was delivered and installed under defendants' supervision, that defendants were under a duty to supply a hose and coupling fit and suitable for the purpose intended, that they negligently failed to do so, that as a result of such negligence, noxious gases injured third persons and plaintiff expended moneys in release and satisfaction of plaintiff's liability to such injured persons. In addition, the complaint set forth counts based upon breaches of implied and express warranties and breach of an agreement to test. The answer denied the allegations and raised numerous defenses which, for the purpose of this opinion, need not be repeated. *Page 443 
Preliminary to trial, defendants moved to dismiss the complaint, the motion was denied and the cause came to trial. At the close of the plaintiff's case, the motion to dismiss was renewed and granted. It is from the judgment entered thereon that this appeal is taken. When the latter motion was made there was testimony from which a jury could find that the hose and coupling supplied to plaintiff by defendants came apart because a clamp was 5/64ths of an inch larger than other clamps which had not given way under pressure, that sulphur dioxide gas escaped, that numerous persons presented claims for injuries which were turned over to Zurich Insurance Company, the insurer of Royce Chemical Co., and that the insurance company paid out $8,000 in settlement thereof. The policy of insurance issued to Royce Chemical Co. was not in evidence but it is not denied that it embodied a clause subrogating the insurer to any right of action that the insured had against the person primarily liable for the injuries, in settling which the insurer paid the stipulated sum of $8,000.
In United States Casualty Co. v. Hercules Powder Co.,4 N.J. Super. 444 (Super. Ct. 1949), filed this day, we held that an insurance company could maintain an action in its name against a third person against whom the insured had a cause of action based upon a breach of warranty, the insurance company suing for the precise sum which it paid under its policy.
In dealing with the comparable federal rule, it was said inNational Garment Co. v. N.Y.C. St. L.R.R. Co.,173 Fed.2d 32 (Ct. of Appeals, 8 Cir. 1949): "In this situation there are two real parties in interest — the insurer to the extent of its payment, and the insured to the extent of the difference between the payment received from the insurer and the whole loss. In the absence of objection either may maintain an action against the person primarily liable, the insurer to the extent of its payment, the insured to the extent of the whole loss. The rule against splitting a cause of action is for the benefit of the defendant and may be waived. Capital Fire Ins. Co. v.Langhorne, 8 Cir., 146 Fed.2d 237, 243. On objection by the defendant, the absent party should be made *Page 444 
a party plaintiff. Where the action is by the insured for the whole loss, the defendant not objecting, the recovery is impressed with a trust for the insurer to the amount to which it is entitled by subrogation."
The judgment is reversed and remanded for trial with permission to defendant to move for admission of Zurich Insurance Company as a party plaintiff.