SWARTHOUT and others vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*May 28 — June 23, 1880.*

PARTIES PLAINTIFF: JOINDER. *(1) Insurer's right to sue third person who has caused loss. (2) Joinder of plaintiffs in such cases.*

1. An insurance company which has been compelled to pay the owner for property destroyed by fire, has a right of action against the person who wrongfully caused the loss, without any assignment of such right by the assured, and, under our statutes, may sue in its own name.
2. Where the owner of the property and several insurers have rights of action for different portions of the value, all arising out of the same wrongful act, they may join in a single action against the wrongdoer.

APPEAL from the Circuit Court for *La Crosse* County.

Three insurance companies united with *Swarthout* in bringing this action. Defendant appealed from an order overruling its demurrer to the complaint.

The case is thus stated by Mr. Justice COLE:

" This action is brought by the plaintiffs to recover of the defendant company the damages caused by the burning of the plaintiff *Swarthout's* property through the negligence of the defendant. The property destroyed is alleged to have been of the

value of $6,727. The plaintiff insurance companies were insurers of the property to the extent of $1,000 each. After the fire, the insurance companies paid *Swarthout* the amount of their respective policies, and at the same time *Swarthout* made and delivered to each an instrument in writing assigning and setting over to each insurance company his claim against the railroad company to the extent of $1,000, and subrogating each insurance company to his rights for that amount. Judgment is demanded for the value of the property destroyed.

"The defendant demurred to the complaint on the ground that it appeared from the face thereof: *first*, that there is a defect of parties plaintiff herein, in this, that on the facts alleged the plaintiffs do not have any joint claim or cause of action against the defendant, but, if any claim or cause of action is set forth in said complaint as to any or all of said plaintiffs, such claim or cause of action as to each plaintiff is separate and distinct from the claim or cause of action of each of the other plaintiffs, and to each such several causes of action all the other plaintiffs aforesaid than the one to which the same belongs, are unnecessary and superfluous, and are improperly joined as plaintiffs herein; *second*, that several causes of action have been improperly united; *third*, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer to the complaint was overruled; and the correctness of that ruling is the matter to be decided upon this appeal."

For the appellant there was a brief by *F. J. Lamb*, and oral argument by *Mr. Lamb* and *Wm. F. Vilas:*

1. Assuming that, by the payment of the amounts insured, each of the insurance companies became subrogated to the right of *Swarthout* to an action for the amount so paid, the rights so acquired were distinct and several. The assignments are expressly alleged to be several, and do not purport to convey any joint right or interest. The fact that the damage was caused by one negligent act, cannot change the result. Each must

sue separately for his own individual injury. *Barnes v. Beloit*, 19 Wis., 93; *Newcomb v. Horton*, 18 id., 566; *School Districts v. Edwards*, 46 id., 150; *Meyers v. Rahte*, id., 655; *Faesi v. Goetz*, 15 id., 231. The several causes of action do not "affect all the parties to the action." R. S., sec. 2647. One or two of the insurance companies might fail in the action without affecting the other parties. 2. Assuming a cause of action to be stated in favor of *Swarthout*, the other parties are unnecessary and improper, and the demurrer for that reason should have been sustained. *Read v. Sang*, 21 Wis., 678; R. S., sec. 2651.

For the respondents there was a brief by *Cameron, Losey & Bunn*, and oral argument by *Mr. Bunn:*

Where property destroyed belongs to one person, and the negligent act is one and indivisible, there arises but one cause of action. If an insurer pays the loss, he becomes subrogated to the right of the owner to the extent of the payment. But the cause of action remains single, and the insurer acquires a joint right with the owner therein, not a new and separate right of action. *London Assurance Co. v. Sainsbury*, 3 Doug., 245; *Mason v. Sainsbury*, id., 61; *Yates v. Whyte*, 4 Bing. N. C., 272; *Clark v. The Hundred*, 2 B. & C., 254; *Randal v. Cockran*, 1 Ves. Sr., 98; *Hart v. R. R. Corp.*, 13 Met., 105; *Rockingham Ins. Co. v. Bosher*, 39 Me., 254; *Conn. M. L. Ins. Co. v. R. R. Co.*, 25 Conn., 270; *Hall v. R. R. Cos.*, 13 Wall., 370; *Gales v. Hailman*, 11 Pa. St., 515; *Ætna Ins. Co. v. R. R. Co.*, 3 Dillon, 1; *Peoria M. & F. Ins. Co. v. Frost*, 37 Ill., 333. The requirement of the code that the action be brought in the name of the real party in interest, does not affect the cause of action, but only the manner of suing. The action, formerly brought in the name of the owner, must now be in the name of the owner and the insurer as joint plaintiffs. *Conn. F. Ins. Co. v. R. R. Co.*, 73 N. Y., 402. That there are too many parties plaintiff is not ground of demurrer. *Willard v. Reas*, 26

Wis., 544; *Marsh v. Comm'rs*, 38 id., 252; *G. W. Com. Co. v. Ins. Co.*, 40 id., 375. The case of *Read v. Sang*, 21 Wis., 678, is expressly stated in the opinion to be decided as an exception to the rule.

COLE, J. The learned counsel for the defendant, in support of the demurrer, candidly admitted the law to be well established, that an insurance company which has been compelled to pay, or has paid, a loss covered by its policy, has, after such payment, a right of action against the person who wrongfully caused the fire and loss to the amount such insurance company paid, even without any formal assignment by the assured of his claim against the party primarily liable. An examination of the authorities will show that this admission was not improvidently made. And the courts have likewise been very firm in supporting the right of the insurance company to bring an action in the name of the assured, and will not allow the latter to defeat such action even by a release or discharge of the person by whose act the damage was occasioned. *Hart et al. v. Western R. R. Corp.*, 13. Metc., 99; *Monmouth County Fire Ins. Co. v. Hutchinson et al.*, 21 N. J. Eq., 107; *Conn. Fire Ins. Co. v. Railway Co.*, 73 N. Y., 399. These authorities distinctly affirm this position on the ground that the assured, by accepting payment of the insurer, subrogates the latter to his rights, giving such insurer full authority to sue the party causing the loss, in his name.

But it is insisted that the facts stated show that the plaintiffs have no right to join in bringing the suit, and that there is an improper joinder of causes of action. It is said, if the defendant is liable at all, it is separately and distinctly liable to each insurance company to the amount paid on its policy. But it seems to us it would be an intolerable rule to allow each insurance company to bring a separate suit. The railroad company might well say, were this attempted: The claim is indivisible; there is but one wrongful act complained of, one loss and one

liability. It might well insist that the whole matter should be litigated in one action. And what objection there can be to allowing the owner to unite with the insurance companies in bringing one action to determine the liability of the defendant, we fail to perceive. Under the old practice the action would probably have been brought in the name of the assured for the benefit of all concerned; but the code requires the action to be brought in the name of the real party in interest. Now it appears that *Swarthout* has made an assignment in writing to each insurance company of a part of his claim against the railroad company for the alleged wrongful destruction of his property. It is obvious, if one of the insurance companies may bring a separate suit for the amount of its claim, each may; and as the aggregate amount of the policies falls short of the actual loss, *Swarthout* may sue for the balance. As we have said, a rule of law which would allow this to be done would operate most oppressively upon the railroad company. For a single wrongful act, which gave rise to but one liability, it might be harassed with a dozen different actions. The contract of insurance is treated as an indemnity, and the insurer as a surety who is entitled to all the remedies and securities of the assured, and to stand in his place. And we certainly cannot see that any principle of law will be violated in allowing the different insurance companies to unite with the owner of the property in an action to enforce the liability of the railroad company in this case.

The case of *School Districts v. Edwards et al.*, 46 Wis., 150, presented an analogous question. There, two or more school districts brought an action to recover moneys in the hands of the defendants, belonging to such districts. Mr. Justice LYON, in the opinion, says: "The fact that the several school districts are entitled to the money in unascertained and probably in unequal proportions, is no impediment to this action. That is a matter between the districts, with which the appellants have no concern. It is sufficient for the

purpose of maintaining the action, that they are jointly entitled to the money claimed." Page 158. Now it is apparent that there was the same reason for saying in the case just cited that the defendants were liable, in separate actions, to each school district, as there is for taking the objection that the defendant company is not jointly liable to the plaintiffs in this case; and to hold that these plaintiffs cannot, upon the facts stated, unite in one action to enforce what is really but one liability or cause of action, but that each must bring a separate suit, would open the door to a litigation which would be most oppressive to the defendant, and which would produce much mischief. For these reasons we think the first ground of demurrer not well taken. Our views upon the first point, of course, dispose of the other grounds of demurrer.

*By the Court.* — The order of the circuit court, overruling the demurrer, is affirmed.