94   93
101  591

ALLEN, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*September 22 — October 13, 1896.*

*Fire negligently set: Payment of loss by insurer: Subrogation: Parties: Pleading.*

1. Payment by an insurer of the full amount of a loss caused by a fire negligently set is a complete defense to an action by the insured against the person liable for the negligence, the acceptance of

such payment being, in effect, an assignment of the cause of action to the insurer.

2. For uncertainty of statement in a pleading which is sufficient in substance, the remedy is by motion and not by demurrer.

APPEAL from an order of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Reversed.*

The action is for a negligent fire which burned a quantity of hay belonging to the plaintiff. The answer alleges that the hay was insured against fire, and that the insurer has paid the loss in full to the plaintiff. The plaintiff demurred to this answer as not stating a defense. The demurrer was sustained, and the defendant appeals.

For the appellant the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

*D. F. Jones,* for the respondent, cited *Cunningham v. E. & T. H. R. Co.* 102 Ind. 478; *Lake Erie & W. R. Co. v. Griffin,* 8 Ind. App. 47; *Lindsay v. Bridgewater G. Co.* 14 Pa. Co. Ct. R. 181; 1 Sutherland, Dam. (1st ed.), 242, 243, and cases cited; 2 Thomp. Neg. 1271; *Althorf v. Wolfe,* 22 N. Y. 355; *Collins v. N. Y. C. & H. R. R. Co.* 5 Hun, 503; *Briggs v. N. Y. C. & H. R. R. Co.* 72 N. Y. 26; *Hart v. W. R. Corp.* 13 Met. 99; *Terry v. Jewett,* 78 N. Y. 338; Am. Dig. (1894), 1283; *Weber v. M. & E. R. Co.* 36 N. J. Law, 213; *Merrick v. Brainard,* 38 Barb. 574; *Pittsburg, C. & St. L. R. Co. v. Thompson,* 56 Ill. 138; *Harding v. Townshend,* 43 Vt. 536; *Kellogg v. N. Y. C. & H. R. R. Co.* 79 N. Y. 72; *Drinkwater v. Dinsmore,* 80 id. 390, 36 Am. Rep. 624.

NEWMAN, J. The plaintiff, in his brief, denies that he has been paid his loss by the insurer. In that case it was imprudent in him to demur to the answer, for by his demurrer he admits all the material allegations of the answer to be true. This is elementary. It is the settled law in this state that the acceptance of payment of his loss from the insurer

Allen vs. Chicago & Northwestern R. Co.

substituted the insurer in all his rights against the railroad company. It put the insurance company, in all respects, into the place which he occupied in relation to his claim against the railroad company, so that it can bring suit against the railroad company, upon his original cause of action, in its own name. *Swarthout v. C. & N. W. R. Co.* 49 Wis. 625. All this is utterly inconsistent with any theory that, in a case where the whole loss is paid by the insurer, any right of action remains in the insured; nor can he, by any act, defeat the right of such insurer. The acceptance of payment from the insurer operates as a virtual assignment of the cause of action to the insurer, and a part payment operates as an assignment *pro tanto*. *Pratt v. Radford*, 52 Wis. 114. Else the defendant might be called upon to pay twice, and the insured might recover twice, for the amount of his loss. This leads to absurdity. In this state no action could be brought in the plaintiff's name for the benefit of the insurer. Every action must be brought in the name of the real party in interest. The answer, while undoubtedly sufficient in substance, sets out the defense but meagerly and without detail. It could not be gathered from it who the insurer is, nor how much was paid. Much which might become important is absent. But, if the plaintiff desired more certainty of statement, his remedy was by a motion for that purpose.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to overrule the demurrer.