Shauck, C. J.
It being conceded that tbe fire originated upon the land of the Railroad Company, tbe instruction that tbe jury should return a verdict *303 against the Railroad Company for the value of the property destroyed, if satisfied by the evidence that the fire was caused by operating its road, was justified by the act of April 26, 1894, “making railroad companies liable for loss or damage by fire in certain cases and prescribing rules of evidence” (91 O. L., 1ST). That the act is valid and that it renders proof of negligence unnecessary in cases of fire so originating was decided in Lake Erie & Western Railroad Co. v. Kreager et al., 61 Ohio St., 312. The record shows that counsel for Falk contended below that, notwithstanding the previous payment to him of the larger part of his loss by the insurance company in discharge of the liability imposed by its policy on the. property destroyed, he is entitled to recover from the railroad company the full amount of his loss and to retain it against the insurance company’s assertion of a right of indemnification by way of subrogation. That point having been decided against him in the courts below we should perhaps infer from the absence of a petition in error by him here that that proposition is no longer .insisted upon. It is quite manifest that it could not be urged successfully, for although both companies had a liability with respect to the loss, his right was to recover only the value of the property destroyed. Good morals and important considerations of public policy forbid that conflagrations should be made profitable. This view of the subject has always been taken by the courts, and it has controlled all judgments which were not affected by statute.
The remaining questions arise upon the exceptions of the railroad company to the instruction that upon the condition named there should be a verdict for the value of the property destroyed without deduction on account of the payment made by the insurance company, and to the order permitting that company to plead in the action and to the judgment rendered in its favor. Upon these exceptions it is insisted that *304 the insurance company is without right as against the railroad company, and that if a right exists, it can not be enforced in this action.
If we assume that the railroad company has an insurable interest in the property of others along the' line of its road because of the liability imposed on it by the statute referred to, it does not seem to aid the view of its counsel. The owner of such property retains his insurable interest therein, and be may desire indemnity as against loss or damage by fire not caused by the operation of the road as well as further indemnity against loss by fire for which the railroad company is liable. For one or both of these reasons Falk secured this contract of indemnity, the consideration therefor being a premium paid by himself. If the railroad company desires indemnity against its liability under the.statute it may, upon this assumption, secure it for a consideration by it paid. It can not claim any immunity because of the contract relations existing between the insurer and the owner. The rule that an insurer who has "paid the loss resulting from a peril insured against may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused, was recognized by this court in the Globe Insurance Co. v. Sherlock, 25 Ohio St., 50. It is said that the rule cannot apply to the case under consideration, because here the injury was not caused by the negligence of the railroad company. It is true that, although such negligence-was alleged in the petition, the instruction given .to the jury permitted a recovery without a'finding'of negligence, unless it is included in the fact admitted, that the fire originated on the land of the railroad company, and the fact which the instruction required to be found, that it was caused by the operation of the railroad. The evidence upon which the jury found that the fire was caused by operating the road all shows that it was communicated by a passing.locomotive. The second *305 section of the act referred to provides: “In all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine while upon or passing along any railroad in this state, the fact that such fire was so communicated shall be taken as prima facie evidence to charge with negligence the corporation or person or persons who shall, at the time of such injury by fire be in the use and occupation of such railroad.” The cases in which there may be recoveries under the statute are cases in which, without its aid, there might be recoveries upon plenary proof of negligence. The statute does not change the ground of the liability. In effect, it provides that the negligence which constitutes the ground of recovery is an inference of law from the facts which in this case were admitted or proved. There is, therefore, no ground for the insistence that the rule which was recognized in Insurance Co. v. Sherlock, is inapplicable here. The rule was there stated in language appropriate to the facts presented by the case which was under consideration. It was not intended to place an arbitrary restriction upon the doctrine of subrogation. Under that doctrine one is substituted for another as creditor or possessor of property or any other rightful claim.. When one is substituted to the rights of a creditor, it is to the end that a liability may be alleged and adjudged against him upon whom it should ultimately rest, and in favor of another by whom it has been discharged in the performance of any legal obligation. The right does not depend upon contract nor upon privity of obligation. The cases collected by Mr. Sheldon in his work on subrogation justify his statement that “The doctrine is broad enough to include every instance in which one party pays a debt for which another is primarily answerablec and which in equity and good conscience *306 should have been discharged by the latter.” Of course the right does not belong to a mere volunteer who discharges an obligation for which he is in no sense answerable. But the qualification is not important here in view of the insurance company’s obligation to Falk by the terms of its policy. The cases in which the doctrine of subrogation has been recognized as applicable to cases not differing from this in any material aspect are very numerous. They are collected in the works on subrogation and insurance.
It is true that the insurance company did not allege either that Falk had assigned the policy to it, or that by the terms of the policy it had reserved the right, upon payment, to be subrogated to the right of action of the insured against the company. Neither averment is required by reason or authority. The right of subrogation arises out of the relation of the parties to the subject of the action. Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 129 U. S., 397.
Notwithstanding the prayer of the railroad company that the insurance company should be brought into the action, it is now contended that it should not have been permitted to intervene and to assert its right of subrogation in the action brought by the owner against the railroad company. But the subject of the action was the loss sustained in consequence of the destruction of the property. The object of the suit was to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act and the railroad company could have objected with more force if it had been subjected to two actions by those interested in the recovery. This mode of asserting the rights of parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own *307 interest, is in conformity with the requirements of modern procedure. Swarthout et al. v. Chicago & Northwestern Ry. Co., 49 Wis., 625; Insurance Company v. Frost, 37 Ill., 333.

Judgment affirmed.

Burket, J., not sitting.