Donahue, J.
The amended petition in this case avers that the plaintiff George H. Clark, as executor of the last will and testament of Isaac B. Clark, deceased, has been ordered and directed by the probate court of Columbiana county to subdivide the real estate described in the petition, and sell so much thereof as may be .necessary for the payment of the debts of the estate. This is sufficient averment to show, that the. creditors of the testator have a financial interest in this property that can be protected and enforced only through the personal representative .of the deceased.
The petition further avers that by reason of - the negligent, reckless and malicious acts, committed by the defendant the real estate has become unfit for human-habitation, and the market value thereof entirely destroyed.
*113 If the executor cannot maintain an action for the damages to this property occasioned by the •wrongful acts of the defendant, then the creditors are wholly without remedy and must suffer the' loss of their valid claims against the estate, notwithstanding the constitutional provision that “Every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law.”
The laws relating to the administration of decedents’ estates must be construed in reference to this constitutional provision. While the executor may not have a legal title to this real estate, nevertheless, as representative of the creditors of the estate, whose rights must be worked out through him, he has a legal interest therein, and is entitled to maintain an action for any injury thereto that would result in loss to the creditors.
Therefore the trial court erred in sustaining the demffrrer to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action in favor of the executor.
It is insisted, however, that there is a misjoinder of parties plaintiff, and that for that reason this demurrer was properly sustained. It appears from the petition that this real estate was devised by the testator to the widow, Zeura Clark, and the son, Frank Clark, subject to sale by the executor to pay the debts of the testator.
It is contended on the part of defendant in error that if the executor has any right of action whatever he would be entitled to recover for damages *114 accruing prior to the death of the testator, in which the devisees would have no interest whatever ; and, on the other hand, that the devisees are entitled to recover damages for injury to the enjoyment and occupation of the property until the same is sold by the executor to pay debts. But this petition presents no such claim for damages, either on the part of the executor or on the part of the devisees, but asks damages for the entire destruction of the market value of the premises, and that the defendant may be perpetually enjoined from the commission of further wrongful and negligent acts. It is unnecessary to consider whether under the circumstances suggested these plaintiffs could join in one action for damages, for the question here presented is whether they can join as plaintiffs in this action for an injunction against the defendant and for damages to the market value of the real estate occasioned by the wrongful acts of the defendant committed since the death of the testator.
Section 11254, General Code, provides that “All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise .provided.” In the construction of this statute it is necessary to take into consideration the provision of Section 11256, General Code, which states the common-law rule that parties who are united in interest must be joined as plaintiffs, or, if the consent of one that should be joined as plaintiff cannot be obtained, then he must be made a party defendant to the action.
*115 This provision is imperative, and relates specifically to those who are united in interest. But Section 11254, General Code, is an extension of the common-law rule, and permits the joining as plaintiffs of all persons having, an interest in the subject of the action, and in obtaining the relief demanded, regardless of whether they are or are not united in interest.
If Section 11254, General Code, relates only to persons who are united in interest, then it is subject to the same construction as Section 11256, and its enactment was an idle performance.
In Bliss on Code Pleading (3 ed.), 116, Section 73, it is said: “There is a distinction between the rule requiring persons united in interest to be joined and the one just given [Section 11254, General Code], as the latter does not contemplate a joint interest, nor is the union made imperative.”
And, again, in Section 74, at page 118, it is said: “It shocks the prejudices of common-law pleaders to speak of a union of plaintiffs where there is not a joint interest; and such is the effect of legal education and long habits of thinking, that, what seems so natural in a proceeding to prevent a common injury, or to set aside a sale for the benefit of common creditors, or to subject to the respective claims the assets of an estate, seems almost impossible, in case a sum of money is sought to be recovered in which sundry persons have a several, and perhaps unequal, interest. But it has come to be generally conceded that the rule is universal in its application, as it is in its terms,”
*116 In 1 Bates’ Pleadings, Practice, Parties and Forms (1908 ed.), page 61, in discussing this same section, it is said: “This is permissive. It applies both to legal and equitable rights of action, and permits joinder when interest is merely common and not joint.”
There is a somewhat lengthy discussion of this code provision in Pomeroy’s Code Remedies (4 ed,), Sections 112 to 122, inclusive, and in Section 119 it is said that the courts of New York and Ohio have given a liberal construction to this provision, citing Rutledge et al. v. Corbin et al., 10 Ohio St., 478, 484. In Section 115 the author says: “In order to be a proper plaintiff, according to the ancient theory, the person must be interested in the whole of the recovery, go that one judgment could be rendered for all the plaintiffs in solido; that a judgment should be given to one plaintiff for a certain sum of money, or for certain lands or chattels, and a judgment for a different sum, or other lands or chattels, be awarded to another plaintiff, was regarded as the sheerest impossibility. The legal notion of survivorship forbade the union of the personal representatives of a deceased joint contractor with the others who were living, and even the union of the representatives of all, if all were dead. The text of the code is broad enough, and explicit enough, if it is taken literally, to abolish these legal restrictions upon the freedom of joining parties as plaintiff.”
And, again, in Section 116: “If the persons háve any interest, whether complete or partial, whether absolute or contingent, whether resulting *117 from a common share in the proceeds of the suit, or arising from the stipulations of the agreement, the language applies without any limitation or exception.”
The appellate division of the supreme court of the state of New York held in the case of Jacobs et al. v. N. Y. C. & H. R. Rd. Co., 107 N. Y. App., 135, in construing a s.tatute of that state practically identical with Section 11254, General Code of Ohio, that the insured and the insurance' company may unite in a single action against a railroad company to recover damages for property destroyed by fire by the negligence of the railroad company.- In the opinion, on page 137, it is said: “The complaint is that defendant by its single negligent act caused the destruction of the property and thereby becomes liable. This constituted a single and entire cause of action which was not separated into several distinct ones because different parties acquired an interest therein, and it was proper that all of the parties interested should be joined as plaintiffs.”
The court cited in support of this conclusion many authorities, including The Lake Erie & Western Rd. Co. v. Falk et al., 62 Ohio St., 297. In that case this court held: “The ultimate liability for such loss is upon the railroad company, and in an action brought for its enforcement, the owner and the insurer being parties, there should be a recovery for the value of the property destroyed without deduction on account of payments made to the owner by the insurer in discharge of the obligation imposed by its policy.”
*118 In the opinion, at page 306, the court said: “The object of the suit was to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act and the rail-, road company could have objected with more fqrce if it had been subjected to two actions by those interested in the recovery. This mode of asserting the rights of parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own interest, is in conformity with the requirements of modern procedure.”
While in the above case the insurance company was nominally a defendant, yet it was to all intents and purposes a coplaintiff, and the verdict was for the full value of the property, upon which verdict the court rendered judgment and apportioned the same between the owner and the insurance company. This court cited in support of its judgment in that case Swarthout et al. v. Chicago & Northwestern Ry. Co., 49 Wis., 625, in which case it was held, under a statute similar to our own, that, “Where the owner of the property and several insurers have rights of action for different portions of the value, all arising out of the same wrongful act, they may join in a single action against the wrongdoer.”
In the case at bar the rights of the executor and the owners of the fee are in no sense adverse. Their amended petition avers that the widow and *119 the son are the owners, subject to the right of the executor to sell the same to pay the debts, and that the probate court has issued an order to the executor to sell all or such part of this real estate as may be necessary for that purpos.e.
There is but one recovery sought for the same wrongful acts of the defendant. Each of the plaintiffs has an interest in the subject of the action and in obtaining the relief demanded. The executor is representing not only the creditors of the estate, but also the estate itself, which is of course interested in the payment of its debts, and the owners of the fee are interested to the extent of the residue of the property after the payment of the debts. If the executor and owners of the fee had brought separate action, their right to recover would have been based upon the same state of facts and the same injury to the same property. In such event the defendant would be compelled to defend against two separate suits for the same acts, and the courts would thereby be burdened with a multiplicity of suits.
As said by this court in the opinion in the case of The L. E. & W. Rd. Co. v. Falk et al., page 306, the defendant “could have objected with more force if it had been subjected to two actions by those interested in the recovery.”
If the plaintiffs in this action are able to maintain the allegations of their amended petition by the evidence, they are entitled to a verdict and judgment for the full amount of the injury caused to this property by the wrongful acts of the defendant, and the court will apportion this judgment *120 as was done in the case of Railroad Co. v. Falk et al., supra, by awarding to the executor such part thereof as may be necessary to pay the debts of the estate, and the residue to the owners. School Districts v. Edwards et al., 46 Wis., 150, and Seymour et al. v. Carpenter et al., 57 Wis., 413.
The judgment of the court of' appeals affirming the judgment of the common pleas court, and the judgment of the common pleas court sustaining the demurrer to the petition, are reversed, and the cause is remanded to the common pleas court with directions to overrule the demurrer.

Judgments reversed.

Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.
Nichols,. C. J., not participating.