Judgment of the common pleas court reversed, and that of the mayor's court affirmed.

SHIELDS and PATTERSON, JJ., concur.

---

## ACTIONS—PARTIES—SUBROGATION

[Hamilton (1st) Court of Appeals, July 11, 1923.]

Mauck, Sayre and Middleton, JJ., Sitting by Designation

*CAROLINE COX v. CINCINNATI TRAC. CO. ET AL.

1. **Provisions Mandatory for Bringing Actions in Name of Real Party in Interest.**
   The provisions of Sec. 11241 G. C., requiring an action to be brought in the name of the real party in interest are mandatory, except as expressly limited by the three succeeding sections.
2. **Subrogated Insurer, not Indemnified Insured, Real Party in Interest.**
   Where one who has suffered an injury has been fully indemnified by a liability insurance company and the insurer has become

---

*Motion to certify overruled, *Cox v. Cincinnati Trac. Co.*, 20 O. L. R. 412.

Cox v. Cincinnati Trac. Co.

subrogated to all the rights of the insured, the party so fully indemnified cannot prosecute an action against those whose negligence caused the injury. Such action must be brought in the name of the subrogated insurer.

*Buchwalter, Headley & Smith* and *Frank L. Leonard,* for plaintiff in error.

*Sawyer & Paxon,* for defendants in error.

**MAUCK, J.**

The plaintiff brought her action in the municipal court of Cincinnati alleging that an automobile owned by her was damaged by being struck by an automobile owned by the defendant Edwards, which in turn was struck by a street car of the traction company, and that the injury was due to the negligence of both of the defendants.

One of the defenses interposed in the trial court was as follows:

"For his second defense this defendant adopts all of the allegations contained in the first paragraph hereof as fully as if set forth herein and says that at the time of said collision the automobile of the plaintiff herein was insured by the Fidelity Casualty Co. of New York against loss and damage resulting from collision between said automobile and any other object; that by the terms of said policy of insurance it was agreed that said the Fidelity & Casualty Co. of New York was entitled to be subrogated to any claim that the plaintiff as holder of said policy might have against any person or corporation for damages sustained by reason of any such collision in the event that said the Fidelity & Casualty Co. of New York should pay to the plaintiff the loss sustained by said collision. This defendant further says that said the Fidelity & Casualty Co. had fully paid and indemnified the plaintiff for the loss she has sustained this defendant by reason of said collision, and that by reason by the collision alleged in the bill of particulars, and is subrogated to any and all claims which the plaintiff may have against thereof the plaintiff has no further interest in said claim and is not the real party in interest in this action."

A demurrer was interposed to this defense, and the demurrer being overruled judgment was entered thereon and error was prosecuted to the court of common pleas. In that court the judgment of the municipal court was affirmed, and the case now

comes into this court, where the sole question is the sufficiency of the defense pleaded.

Under the old procedure an action to enforce the subrogated rights of an insurer could only be brought in the name of the insured. Under the code, however, "an action must be prosecuted in the name of the real party in interest." G. C., 11241.

Widely divergent constructions have been given to similar provisions, in those states where the code has been adopted requiring an action to be brought in the name of the party really interested, some of such states holding that the action may be brought in the name of either the insured or insurer; some that it must be brought in the name of the insured, and others that inasmuch as the insured has been wholly compensated and can have no actual interest in the litigation the action must be brought in the name of the indemnifying insurer, who alone stands to be benefited by the successful result of the action.

This case is one wherein the loss suffered by the insured was wholly satisfied by the insuring company and is not to be confused with those cases where the insurance paid is less than the loss, for in such case the authorities uniformly require the action to be brought in the name of the insured as otherwise a splitting of the cause of action would result with a duplication of litigation that is never tolerated. (Notes to L. R. A., 1918, F. 145; 23 L. R. A. (N. S.), 870; Ann. Cases, 1918 A, 834). Of such a statute as that under consideration it has been said:

"The real party in interest, within the meaning of this provision of the code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as distinguished from one who has only a nominal, formal or technical interest in or connection with it." 15 Ency. Pl. & Pr., 710. And,

"It follows that if it appears that the plaintiff is not the real party in interest, and is not within any of the exceptions, such fact will constitute a defense to the action." Ibid, 712.

"Under the code practice, however, where an action is required to be brought in the name of the real party interested, if the loss does not exceed the insurance, the insurer must sue in its own name and the insured is not a proper party to the

Cox v. Cincinnati Trac. Co.

action, but where the loss exceeds the insurance the insurer cannot maintain an action in its own name; however, the assured may bring an action in his own name against the wrong-doer, and recover the full amount of the loss, holding the proceeds so far as the insurer is subrogated, as trustee, and it would seem that the insured is the only proper party to recover damages from the wrong-doer.'' 14 R. C. L., 1410.

The Supreme Court of North Carolina thus states the rule:

''An insurer who has paid a loss caused by another's negligence *must* bring the action against the wrong-doer to compel him to make good the loss, under a statute requiring suits to be brought by the real party in interest, since, being subrogated to the rights of the insured, he is such a party.'' *Cunningham* v. *Seaboard, Air Line Ry.*, 139 N. C., 427 [51 S. E. 1029; 2 L. R. A. (N. S.), 920].

In *Illinois Central Ry.* v. *Hicklin,* (Kentucky) 23 L. R. A. (N. S.), 870, it as held that the tortfeasor could not raise the question of insurance where the action was brought by the insured rather than by the insurer. To like effect are other authorities, but the editor of that series adheres to the doctrine that where the insured has been satisfied, the insurer is the real party in interest and alone can maintain an action on the claim to which he has been subrogated.

''But under the statutes requiring suits to be brought by the real party in interest, it has been held that the insurer must bring the action against the wrong-doer if the whole value of the property has been paid by it, or must be joined with the insurer if only a part has been paid.''

Supporting the same principle are: *British-Amer. Assur. Co.* v. *Colorado Ry.*, 52 Col. 589 [41 L. R. A. (N. S.), 1202]; *Southern Ry.* v. *Blunt,* 165 Fed. 258; *Allen* v. *Chicago & N. W. Ry.*, 94 Wis., 93 [68 N. W. 873].

The Ohio statute fixing the right to bring an action is as follows:

''Sec. 11241. An action must be prosecuted in the name of the real party in interest, except as provided in the next three succeeding sections.''

It would be difficult to imagine a more imperative, affirmative statement than this. It says what it means and means

what it says.  It is not directory, but mandatory.  Its purpose was to bring the actual claimant for relief before the court, and was a proper and necessary part of the reformed procedure which sought to abolish the fictions obtaining under the old practice.  The statute quoted made certain exceptions contained in three subsequent sections.  One of these succeeding sections is 11244, which provides among other things that a person in whose name a contract is made for the benefit of another may bring an action on such contract.  If the principal section (11241) were to be given a directory interpretation there would be no occasion for the exception just noted.  It was because Section 11241 requires the real party interested, that is, the party for whose benefit the contract was made, to bring an action that it became necessary to create the permissive power under 11244 for the nominal party to such contract to sue thereon.  If either party could have sued under 11241 there could have been no reason for authorizing the nominal party to sue under 11244.

Can there be any question as to who the real party in interest is?  Mrs. Cox has no grievance.  She is suffering no wrong.  For her injuries, she has been fully compensated.  The contract with the insurer provided that when she was compensated the insuring company was to be subrogated to any claim she might have against others for the damages sustained by her.  When the insurer fully indemnified her she no longer had a claim.  She parted with her claim, and the insuring company was subrogated thereto.  Having no claim she had no cause to be heard, and another who has such claim can not borrow her name and gain a possible advantage by leading a fiction.

We fully recognize that eminent courts in other jurisdictions adhere to the old practice, but we feel at liberty to follow that equally eminent line of authority that stands for a literal interpretation of the plain, unambiguous language of the code that insists on truth and simplicity in pleading.

Judgment affirmed.

SAYRE and MIDDLETON, JJ., concur.