**TRAVELERS INS. CO. v. NORTHWEST AIRLINES, Inc.**

**Civ. A. No. 2130.**

United States District Court
W. D. Wisconsin.

Dec. 4, 1950.

---

Stroud, Stebbins, Wingert & Stroud, Madison, Wis., for plaintiff.

Edward A. Rebholz, Milwaukee, Wis., for defendant.

STONE, District Judge.

In this action the defendant has moved to dismiss the complaint for the reasons:

(1) That the complaint fails to state a claim against the defendant upon which relief can be granted; and

(2) For failure to join as parties, the widow and children of the deceased employee of the insured.

Stroud, Stebbins, Wingert and Stroud, of Madison, Wisconsin, appeared for the plaintiff, and Edward A. Rebholz, of Milwaukee, Wisconsin, appeared for the defendant.

The complaint alleges:

"That on March 7, 1950, Emery E. Oliver was killed at Minneapolis, Minnesota, by the fall and burning of defendant's airplane, in which he was a fare-paying passenger; that Oliver's death was caused by defendant's negligence; that Oliver was an employee of the J. C. Penney Co., and, when killed, was on a business trip for his employer, and was performing services growing out of and incidental to his employment by that company; that as a result of Oliver's death his widow became entitled to the death benefit provided by the Wisconsin Workmen's Compensation Act; that on April 3, 1950, the Industrial Commission of Wisconsin entered an award in favor of Oliver's widow and against the J. C. Penney Co. and its compensation insurer, the plaintiff herein, ordering them to pay to the widow $9,300.-00, death benefit, and $300.00 burial expenses; that the plaintiff's policy issued to the J. C. Penney Co. obligated it to pay to any person entitled thereto any sums due under the Wisconsin Workmen's Compensation Act, and provided that, in case of such payment, the plaintiff should be subrogated to all rights of the J. C. Penney Co. to recover against any other person or corporation; that plaintiff paid the funeral expenses and all monthly installments of the death benefit that had accrued up to the time this action was commenced, for all of which sums the plaintiff was and is liable under the Wisconsin Workmen's Compensation Act and its policy of insurance issued to the J. C. Penney Co. and therefore makes claim against the defendant for the amount of such compensation, and claims indemnity from the defendant for the same in the sum of $9,-600.00."

On a motion to dismiss the complaint its allegations are admitted to be true, for the purpose of the motion, and the complaint should be construed in a light most favorable to the plaintiff.

Plaintiff bases its claim against defendant, as set out in the complaint, solely on an implied contract of indemnity, conceding that its claim does not arise under the Minnesota wrongful death statute, M.S.A. § 573.02, or the Wisconsin Workmen's Compensation Act. St.1949, § 102.01 et seq. It claims indemnity from defendant for the compensation liability, that it has discharged, which was imposed on it by defendant's negligence, which caused Oliver's death.

Section 102.29(1) of the Wisconsin Compensation Act provides that the employer or insurer shall have the right to make claim or maintain an action in tort against a third party whose negligence results in injury or death of the employee.

This is not an action in tort, and is independent of any right of Oliver's widow and children to recover damages against the defendant. They have no interest in or connection with plaintiff's claim for indemnity, and are neither necessary or proper parties to this action.

The Court finds that the complaint states a claim against the defendant in favor of the plaintiff for indemnity.

The rule that an implied contract of indemnity arises in favor of a person who, without any fault on his part, is compelled to pay damages on account of the negligence of a third person is clearly stated in 42 C.J.S., Indemnity, § 21, pp. 596–597: "It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity, provided they are not joint tort-feasors in such sense as to prevent recovery, as discussed infra § 27. This right of indemnity is based on the principle that every one is responsible for his own negligence, and if another

person has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him. It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent."

In 27 American Jurisprudence, pp. 465–467, the following is found:

"It has been generally stated that a contract of indemnity need not be express, but that indemnity may be recovered if the evidence establishes an implied contract. And although a right of indemnity generally arises by contract, express or implied, it has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join.

\*   \*   \*   \*   \*   \*

"Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not."

In the case of Aetna Life Insurance Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 233, 77 L.Ed. 477, 482, the court said: "Notwithstanding, the provision of the statute and of the policy permitting an award for compensation to be made against the insurer directly, the function of the insurer is essentially that of indemnifying the employer. The statute contemplates that the payment of compensation should be secured by insurance, and nothing in it indicates that the insurer is to be denied an indemnitor's rights. Subrogation is a normal incident of indemnity insurance."

In Travelers' Ins. Co. v. Great Lakes E. W. Co., 6 Cir., 184 F. 426, 429, 431, 432, the court in sustaining the insurance carrier's claim for indemnity used this language: "We know of no reason, either up-

on principle or authority, why the doctrine of subrogation, which has been expressly held applicable to indemnity by way of fire and marine insurance, and by at least necessary implication in the case of casualty insurance, should not be held to extend to employer's liability indemnity."

In Continental Ins. Co. v. Bahcall, Inc., 39 F.Supp. 315, 319, the court allowed recovery on an implied contract of indemnity and said: "Under Wisconsin law, when an insurer pays to the insured the amount of the loss, it is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss. The insurer is entitled to all of the remedies and securities of the assured and to stand in his place. Swarthout v. Chicago & Northwestern Railway Co., 49 Wis. 625, 629, 6 N.W. 314. The right of subrogation is not limited to cases where the liability of the third person is founded in tort; but any right of the insured to indemnity will pass to the insurer on the payment of loss. 26 C.J., p. 458."

In Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650, 653, the court affirmed a judgment for the insurance carrier against Staples whose negligence caused the employee's death and held:

"It is a well-recognized rule, supported by a great weight of authority, that, where one has been subjected to liability, and has suffered loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity. (Citing many cases.)

"And this is no less the rule where the liability imposed is statutory. Travelers' Ins. Co. v. Great Lakes Eng. W. Co., supra; Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co. [6 Cir., 287 F. 439, 37 A.L.R. 849], supra. In Washington Gaslight Co. v. Dist. of Columbia [161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712], supra, the Supreme Court laid down the general rule, fortified by citation of much applicable authority, that one may recover damages which he has been compelled to pay over because of the negligence of another."

The Supreme Court of this state has long recognized the validity of indemnity claims somewhat similar to the plaintiff's claim herein without so holding. Swarthout v. Chicago & N. W. Ry. Co., 49 Wis. 625, 628, 629, 6 N.W. 314. Allen v. Chicago & N. W. Ry. Co., 94 Wis. 93, 95, 68 N. W. 873. Sims v. Mutual Fire Ins. Co., 101 Wis. 586, 590, 77 N.W. 908. Frankfort Ins. Co. v. Milwaukee E. R. & L. Co., 169 Wis. 533, 173 N.W. 307. Patitucci v. Gerhardt, 206 Wis. 358, 360, 361, 240 N.W. 385. Leonard v. Bottomley, 210 Wis. 411, 416, 245 N.W. 849. Northern Assur. Co. v. City of Milw., 227 Wis. 124, 277 N.W. 149. Hartford Acc. & Ind. Co. v. Worden-Allen Co., 238 Wis. 124, 128, 129, 297 N.W. 436.

Without so holding, at this time, it might not be amiss for the Court to observe in passing that if plaintiff is successful in this action the amount it recovers it seems should in equity be allowed to defendant as a set-off in the action of the deceased employee's widow against it. I don't think the defendant should be subjected to a double liability.

Defendant's motion to dismiss the plaintiff's complaint is denied, without costs.